STATE of Iowa, Appellant,

v.

Richard BAUER, Appellee.

No. 68492.

Supreme Court of Iowa.

Aug. 17, 1983.

Thomas J. Miller, Atty. Gen., Steven M. Foritano, Asst. Atty. Gen., and Michael S. McCauley, Dubuque County Atty., for appellant.

No appearance for appellee.

HARRIS, Justice.

The trial court sustained, on vagueness grounds, a facial constitutional challenge to Iowa's indecent exposure statute. Iowa Code § 709.9 (1981). We think the challenge should have been rejected. On the State's appeal we reverse the trial court and remand the case for further proceedings.

According to the minutes of testimony the prosecution arose from an incident in the Dubuque public library. While in the library's reference room a woman observed a man, later identified as the defendant, kneeling on the floor facing the shelves. The defendant had his penis exposed and was masturbating. Needless to say, the woman found this conduct offensive.

We found the former indecent exposure statute unconstitutionally vague in *State v. Kueny*, 215 N.W.2d 215, 218–19 (Iowa 1974). The present statute, the one subject to the challenge here, was adopted as a part of the revision of the Iowa Criminal Code. It took effect January 1, 1978. *See* 1976 Iowa Acts, ch. 1245, § 909. It provides:

> A person who exposes his or her genitals or pubes to another not his or her spouse, or who commits a sex act in the presence of or view of a third person, commits a serious misdemeanor, if:

> 1. The person does so to arouse or satisfy the sexual desires of either party; and

> 2. The person knows or reasonably should know that the act is offensive to the viewer.

Iowa Code § 709.9 (1981). We have not reviewed the new version except to hold that indecent exposure is not an included offense of third degree sexual abuse. *State v. Allen*, 304 N.W.2d 203, 208 (Iowa 1981).

I. In *State v. Whetstine*, 315 N.W.2d 758, 763 (Iowa 1982), we quoted the following language on the subject of vagueness:

> It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227–28 (1972).

In considering vagueness challenges we are guided by well known rules. The challenger carries a weighty burden and must overcome a vigorous presumption of constitutionality. If we can make a statute constitutional by a reasonable construction we do so. The necessary specificity need not appear in the words of the statute; we can look also to prior decisions, similar statutes, a dictionary, or generally accepted usage. In searching out the meaning of a criminal statute we keep in mind the evil to be remedied and the objectives of the legis-

lature. *See State v. Sullivan,* 298 N.W.2d 267, 270–71 (Iowa 1980). In *State v. Pierce,* 287 N.W.2d 570, 573 (Iowa 1980), we said:

A penal statute must satisfy two standards to survive a due process vagueness attack: (1) it must give a person of ordinary intelligence fair notice of what is prohibited, and (2) it must provide an explicit standard for those who apply it. [Authority.]

▮ II. The trial court sustained the challenge because of section 709.9(2), the second of two provisions which carve certain conduct from the statute's proscription. The trial court correctly stated the legislative intent in drafting the provision:

The purpose of this provision seems to be to eliminate prosecutions for willing and consensual conduct. That is, the delineated acts may be performed for sexual gratification but not in circumstances where either party is offended because both parties are willing participants. In these circumstances the legislature desired that no crime exist.

The legislative purpose of section 709.9, then, is to render indecent exposure "essentially a visual assault crime." Dunahoo, *The New Iowa Criminal Code: Part II,* 29 Drake L.Rev. 491, 541 (1979–80). "It is only exposure with a sexual motivation, *inflicted upon an unwilling viewer,* which will constitute the offense." 4 J. Yeager & R. Carlson, *Iowa Practice: Criminal Law and Procedure,* § 217 at 63 (1979) (emphasis added).

▮ To this end the two *mens rea* requirements of the statute were provided so that certain conduct could be carved out and excluded from the proscription of the statute. One commentator believes the statute should now pass constitutional muster:

This new statutory version should pass constitutional scrutiny. Its predecessor had made it a crime for any person to "designedly make an open and indecent or obscene exposure of his or her person" without defining "indecent" or statutorily providing any "description of proscribed ultimate criminal conduct." Voiding the

pre-revised statute, the Iowa Supreme Court considered the above quoted statutory language to be "so indefinite and uncertain that persons of ordinary intelligence are given inadequate notice as to what conduct is thereby prohibited." Moreover, the supreme court saw "no plausible basis upon which peace officers, judges or juries may reasonably ascertain, with any degree of certainty, guidelines essential to a determination of the legislatively intended application of the statute here in question." All doubt should be removed in the new statutory version, especially with the statutory definition of "sex act."

Dunahoo, 29 Drake L.Rev. at 541.

We note that section 709.9 is similar to the indecent exposure statute drafted by the American Law Institute:

A person commits a misdemeanor if, for the purpose of arousing or gratifying sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm.

Model Penal Code § 213.5 (1980).

The lines drawn in the legislative effort to criminalize only visual sexual assaults upon unwilling viewers are not obscure. Certain conduct was deliberately left outside the proscription of section 709.9. A nude streaker, for example, while certainly offensive to some, if not running to satisfy his or another's sexual desires would not meet the requirements of section 709.9(1). *See* Model Penal Code § 213.5 comment 2. A wildly erotic dancer in a bar obviously intends to arouse sexual desire. But the conduct cannot be said to be offensive to those patrons who frequent such a bar. This activity might fall under the proscription of another criminal statute. *See* Iowa Code § 728.5 (public indecent exposure); Dunahoo, 29 Drake L.Rev. at 541; 4 J. Yeager & R. Carlson, § 217 at 63. *See also 3 K.C. v. Richter,* 279 N.W.2d 268, 274 (Iowa 1979) (upholding section 728.5 against vague-as-applied challenge). The disrobing protest involved in *State v. Nelson,* 178

N.W.2d 434 (Iowa 1970), was not intended to satisfy sexual desires as required by section 709.9(1). Such a demonstration might now violate section 723.4(4) (disorderly conduct). *See* 4 J. Yeager & R. Carlson, § 217 at 63. A drunk urinating in public, while plainly offensive, similarly does not intend to arouse sexual desires in anyone. Again section 709.9(1) is not met. *See* Dunahoo, 29 Drake L.Rev. at 541–42.

Simple nudity may or may not violate section 709.9, depending on the factual circumstances surrounding the exposure. *Compare* 4 J. Yeager & R. Carlson, § 217 at 63 ("[e]xposure per se is not prohibited by § 709.9") *with* Dunahoo, 29 Drake L.Rev. at 542 ("public nudity while not per se being criminalized nevertheless under certain circumstances might come within the rubric of indecent exposure.").

■ In the belief that it inquired only into the subjective state of mind of the viewer, the trial court concluded that the offensiveness standard of the statute amounted to "no standard at all." We disagree. The offensiveness standard is the third element of the crime [1] and requires the State to show the state of mind of both the actor and the victim-viewer. It must be shown that the viewer was offended by the conduct. It must also be shown that the actor knew, or under the circumstances, should know, the viewer would be offended.

■ Contrary to defendant's contentions, we find no uncertainties in the burden placed on the State by the statute. It is up to the State to show the offensiveness of the conduct, a requirement the legislature deliberately placed beyond the State's reach in situations involving willing viewers. In cases, unlike the present one, where the State might encounter difficulty in establishing the offensiveness element, the difficulty must be borne by the State and does no harm to the accused.

Other states have upheld indecent exposure statutes against vagueness challenges notwithstanding language often less precise than the challenged language here. *See, e.g., State v. Luhnow,* 61 Haw. 70, 597 P.2d 15 (1979) (sitting naked on public beach constitutes "lewd act" within meaning of statute); *State v. Galbreath,* 69 Wash.2d 664, 419 P.2d 800, 803 (1966) (exposure of genitals to young girl constituted "indecent" and/or "obscene" act within meaning of statute). *See also United States v. Hymans,* 463 F.2d 615, 619 (10th Cir.1972) (skinny-dipping and nude sunbathing constitutes "indecent conduct" under national forest regulation).

We do not intimate that the defendant has established his standing to pursue such a challenge. *Compare Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495–96, 102 S.Ct. 1186, 1191–92, 71 L.Ed.2d 362, 369–70 (1982), *with Kolender v. Lawson,* —— U.S. ——, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983).

■ We hold the statute is not unconstitutionally vague on its face. We reverse the dismissal of the prosecution.

REVERSED AND REMANDED.

---

1. The first element is the exposure of genitals or pubes to someone other than a spouse or, in the alternative, the commission of a sex act in the presence or view of a third person. The second element is that the act was done to arouse the sexual desires of either party.