# IN THE SUPREME COURT OF IOWA

No. 42 / 06–2030

Filed September 5, 2008

**STATE OF IOWA,**

Appellee,

vs.

**RONNIE JAMES ISAAC,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

Defendant claims there was insufficient evidence to support his conviction of indecent exposure. **DECISION OF COURT OF APPEALS VACATED. DISTRICT COURT JUDGMENT REVERSED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary E. Tabor, Assistant Attorney General, John P. Sarcone, County Attorney, and Susan C. Cox, Assistant County Attorney, for appellee.

**TERNUS, Chief Justice**.

The district court convicted the appellant, Ronnie Isaac, of indecent exposure after a police officer caught him masturbating outside a woman's bedroom window. On appeal, Isaac claims there was insufficient evidence to support his conviction because he exposed his genitals only to the officer and that exposure was inadvertent. The court of appeals rejected this argument, and we granted Isaac's application for further review. Upon our consideration of the governing statute, we hold the State must prove that, at the time Isaac exposed himself to the officer, he did so for the purpose of arousing or satisfying the sexual desires of himself or the officer. Because there is insufficient evidence that Isaac's exposure of his genitals to the officer was for this purpose, the State has failed to prove Isaac committed the crime of indecent exposure. We therefore vacate the court of appeals' decision, reverse the district court's judgment of conviction, and remand this case for dismissal of the indecent exposure charge.

## I. Facts and Prior Proceedings.

On June 29, 2006, Micaela went to bed at 1 a.m. at her condominium in Ankeny. About twenty minutes later, Micaela heard knocking on her bedroom window. She heard a man moaning in a sexual manner and repeating sexually explicit exclamations. She did not open the window or look through the blinds. Micaela woke up her roommate who heard a male voice say "oh baby." The women called the police.

Ankeny police officers Robert Kovacs and Brian Huggins responded to the women's call. After the officers failed to find anyone outside the residence, they went inside to speak with the women.

Meanwhile, Jennifer, who lived in another condominium nearby, had just gotten into bed. She heard heavy breathing outside her bedroom window and what sounded like something rubbing against the window screen. She did not attempt to look outside her window.

Officer Kovacs left Officer Huggins with Micaela and went back outside to further search the area. As he walked around one of the buildings in the complex, Officer Kovacs saw a man standing in front of Jennifer's window. The man was looking into the window with his left hand on the wall and his right hand on his crotch. Officer Kovacs testified it appeared the man was masturbating or fondling himself.

Officer Kovacs shined a flashlight on the man, identified himself as a police officer, and asked the man what he was doing. The man, Ronnie Isaac, turned toward the officer. Officer Kovacs noticed the zipper of Isaac's blue jeans was down and his penis was outside his pants by his hand. Officer Kovacs could not tell whether Isaac's penis was erect.

Isaac took off running. Officer Kovacs chased after him while repeatedly yelling "stop, police." Officer Kovacs caught up with Isaac and tackled him as Officer Huggins came outside to assist. Officer Kovacs placed Isaac in handcuffs and noticed Isaac's hands were oily. A bottle of baby oil was found in Isaac's back pocket. The officers turned Isaac over and saw his flaccid penis outside his pants. Officer Kovacs put Isaac's penis back into his jeans and zipped up his pants.

The State charged Isaac with indecent exposure, interference with official acts, and two counts of harassment in the third degree. Isaac waived his right to a jury. After a trial, the district court found him guilty on all counts. Isaac appealed, challenging the sufficiency of the evidence with respect to the indecent exposure conviction. He did not

appeal the convictions on the other counts. The court of appeals affirmed. We granted further review.

## II. Scope of Review.

Challenges to the sufficiency of the evidence are reviewed for correction of errors at law. *State v. Quinn*, 691 N.W.2d 403, 406 (Iowa 2005). The district court's findings of the required elements of an offense are binding on appeal if supported by substantial evidence. *State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998). Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *State v. Sutton*, 636 N.W.2d 107, 110 (Iowa 2001).

## III. Merits.

The issue before us is whether there was sufficient evidence to convict Isaac of indecent exposure. Iowa Code section 709.9 (2005) defines this crime. It states in relevant part:

> A person who exposes the person's genitals or pubes to another not the person's spouse . . . commits a serious misdemeanor, if:
>
> 1. The person does so to arouse or satisfy the sexual desires of either party; and
>
> 2. The person knows or reasonably should know that the act is offensive to the viewer.

Iowa Code § 709.9.

Because indecent exposure is " 'essentially a visual assault crime,' " *State v. Bauer*, 337 N.W.2d 209, 211 (Iowa 1983) (quoting Kermit L. Dunahoo, *The New Iowa Criminal Code: Part II*, 29 Drake L. Rev. 491, 541 (1979–80)), the State needed to produce a victim who saw Isaac's exposed genitals. *See* Iowa Code § 709.9 (prohibiting the exposure of a person's genitals "to another" when the person knows or reasonably should know the act is offensive "to the viewer"). Neither Micaela nor Jennifer saw Isaac or his penis. Thus, the State relies on

Isaac's exposure of his genitals to Officer Kovacs to support Isaac's conviction of indecent exposure. On appeal, Isaac claims there was insufficient evidence to prove he exposed himself to Officer Kovacs for the purpose of arousing his sexual desires or the sexual desires of the officer. We agree.

Previously, we have broken down the crime of indecent exposure into four elements:

> 1. The exposure of genitals or pubes to someone other than a spouse . . .;
> 2. That the act is done to arouse the sexual desires of either party;
> 3. The viewer was offended by the conduct; and
> 4. The actor knew, or under the circumstances should have known, the victim would be offended.

*State v. Adams*, 436 N.W.2d 49, 50 (Iowa 1989) (citing *Bauer*, 337 N.W.2d at 212).[1] " 'It is only exposure with a sexual motivation, inflicted upon an unwilling viewer, which will constitute the offense.' " *Bauer*, 337 N.W.2d at 211 (quoting 4 John J. Yeager & Ronald L. Carlson, *Iowa Practice: Criminal Law and Procedure* § 217, at 63 (1979)) (emphasis omitted). Thus, even deliberate exposure done without a sexual motive, such as streaking, nude protesting or urinating in public, is outside the proscription of section 709.9. *Id.* at 211–12.

In the present case, the State satisfied the first element of the offense by proving Isaac exposed his penis to Officer Kovacs. The problematic element is the second one: Was this exposure to Officer Kovacs done for the purpose of arousing Isaac's or the officer's sexual

---

[1]The necessity that the victim actually be offended has been questioned. *See State v. Newell*, No. 06-0528, 2007 WL 1062943, at *2 (Iowa Ct. App. Apr. 11, 2007) (Vogel, J., specially concurring). Isaac does not challenge this element on appeal, so we do not reconsider whether proof that the viewer was offended is required.

desires?[2]  It is not sufficient that *prior* to this exposure Isaac sought to satisfy his sexual desires.  Our statute requires such a purpose at the time of exposure to the viewer.  *See* Iowa Code § 709.9 (requiring that "[t]he person [expose his genitals or pubes to someone other than a spouse] to arouse or satisfy the sexual desires of either party"); *see also State v. Plenty Horse*, 741 N.W.2d 763, 765 (S.D. 2007) (holding "the prosecution must link the exhibition of one's genitals to the intent to seek sexual gratification").  Whether a defendant's exposure of his genitals to another person was done for the purpose of arousing the sexual desires of himself or the viewer can be inferred from the defendant's conduct, his remarks, and the surrounding circumstances.

After examining the record in the present case, we find no conduct, remarks, or circumstances from which an inference can be drawn that the required purpose existed at the time Isaac exposed his genitals to Officer Kovacs.  Officer Kovacs testified that Isaac had his back to the officer when the officer first spotted Isaac outside Jennifer's window.  The officer stated he could not see Isaac's penis at that point, but he believed Isaac's right hand was in the area of Isaac's crotch.  The officer testified that he then shone a flashlight on Isaac and yelled "police" at which point Isaac "turned his body towards [Officer Kovacs], looked at [Officer Kovacs], and then immediately took off running around the side of the building."  The officer further testified that, when Isaac "turned and faced [Officer Kovacs], he still had his hand down, and when he saw [Officer Kovacs], his hand came off."  The officer could not tell whether Isaac's penis was erect.

---

[2]The State argues the issue in this case is whether the statute requires exposure to a specific person or simply to another person.  We disagree.  The determinative issue here is whether the exposure to another person must be for the purpose of satisfying the sexual desires of that person or the defendant.

These facts do not support an inference that Isaac exposed himself to Officer Kovacs to satisfy his or the officer's sexual desires. First of all, there are no facts indicating Isaac's exposure of his penis to the officer was anything other than inadvertent, occurring as a result of Isaac turning in response to the officer's call. Secondly, Isaac immediately removed his hand from his crotch and fled. These actions suggest his sexual desires evaporated, rather than continued, when he was discovered by the officer. Finally, there was no evidence that Isaac became sexually aroused when he turned to face the officer or that he masturbated while exposing himself to the officer, circumstances and conduct that could support an inference that his exposure to the officer was sexually motivated.

The State would have us combine Isaac's intent when he was masturbating out of sight with his subsequent exposure to Officer Kovacs. To interpret section 709.9 as the State suggests would ignore the statutory requirement that the exposure be *to another* for the purpose of sexual gratification. This point is illustrated by a comparison of the Iowa statute with the indecent exposure statute drafted by the American Law Institute. The model provision states:

> A person commits a misdemeanor if, for the purpose of arousing or gratifying sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm.

*See* Model Penal Code § 213.5, at 405 (1980). Notably, the model provision does not require exposure "to another" as the Iowa statute does. *See* Iowa Code § 709.9 ("A person who exposes the person's genitals or pubes *to another* not the person's spouse . . . commits a serious misdemeanor . . . ." (Emphasis added.)). Thus, under the

narrower Iowa statute, mere public exposure is not sufficient. *See* 4 John J. Yeager & Ronald L. Carlson, *Iowa Practice: Criminal Law and Procedure* § 217, at 63 (1979) ("Exposure per se is not prohibited by § 709.9." (quoted in *Bauer,* 337 N.W.2d at 212)). Our statute requires exposure to another person; it also requires that this exposure be for the purpose of sexual gratification. The required concurrence of the exposure to Officer Kovacs and the defendant's sexual purpose is missing in the record before us.

### IV. Conclusion.

We find insufficient evidence to support Isaac's conviction for indecent exposure. Because there are no facts to support a finding that Isaac exposed his penis to Officer Kovacs for the purpose of arousing or satisfying the sexual desires of himself or the officer, Isaac's conviction must be reversed. We therefore vacate the contrary decision of the court of appeals and reverse the district court's judgment of conviction.

**DECISION OF COURT OF APPEALS VACATED. DISTRICT COURT JUDGMENT REVERSED.**

All justices concur except Cady and Streit, JJ., who dissent, and Baker, J., who takes no part.

**STREIT**, **Justice.  (dissenting)**

I respectfully dissent.  Isaac's conduct is the type of behavior the legislature intended to outlaw with section 709.9.  His actions indicate he wanted to be observed sexually gratifying himself.

The facts of this case are straightforward.  A man was masturbating outside various bedroom windows of a condominium complex.  He was making sexual noises and saying sexually explicit things while rubbing or tapping the windows with one hand and masturbating with the other.  The woman inside heard Isaac repeatedly say "show me your tits" and "oh, f___, I'm going to come."  Clearly, he was attempting to awaken the occupants so they might come to the window to see him.  Instead, Isaac was seen by a police officer, grasping his penis with his oily hands.  From these simple facts, it is fair to infer he did it for sexual purposes, even though the majority cannot imagine such a happening and rules as a matter of law Isaac would not want to show himself to the police officer.

The majority analyzes the facts through the lens of a reasonable person unaffected by the prurient thoughts and desires of a sexually deviant person.  In doing so, it forecloses any possibility that someone who would engage in such behavior could also derive sexual gratification from exposing himself to a police officer and running from a pursuing officer with his penis protruding from his pants.  Yet, the actions by Isaac in this case were not those of a reasonable person, but a person with a sexually perverted mind.  The majority simply fails to consider that nonsexual activity in the eyes of a normal person may be sexual activity to a sexually perverted person.  The approach taken by the majority places an unfair burden on the State in prosecuting the crime of

indecent exposure and means the most bizarre cases of indecent exposure will likely escape prosecution, as in this case.

Isaac cannot avoid conviction by claiming the particular person who saw his penis while he was masturbating was not the intended victim.[3] *Cf. United States v. Boston*, 494 F.3d 660, 665 (8th Cir. 2007) (finding probable cause to arrest defendant for violating Iowa Code section 709.9 where an off-duty police officer came upon defendant masturbating while walking along a trail in a park); *State v. Bauer*, 337 N.W.2d 209, 212 (Iowa 1983) (holding Iowa Code section 709.9 is not unconstitutionally vague on its face where a woman observed defendant kneeling on the floor in a library facing book shelves while masturbating). As it was obvious Isaac was attempting to get the attention of the people inside, he knew or should have known his actions would cause someone to investigate by either opening the window covers or going outside. Isaac should be held responsible for the natural and foreseeable consequences of his actions.

Moreover, it is irrelevant Isaac stopped masturbating after turning toward the officer. There is evidence to suggest Isaac could view the moment the police officer saw him as an opportunity to achieve sexual gratification. Isaac was not forced to turn around and expose himself to the officer. Nothing prevented Isaac from using the same hand he was using to masturbate to place his penis back into his pants before turning around to face the officer. The trial court was completely free to conclude his failure to do so was circumstantial evidence of a perverted sexual desire to expose himself at that moment to anyone in sight. *See State v. Talbert*, 622 N.W.2d 297, 301 (Iowa 2001) (recognizing the

---

[3]There is no evidence to suggest Isaac knew who lived in the apartments. The women both testified they had never seen him before.

evidence is viewed in the light most favorable to the judgment, the findings of the trial court are construed liberally to uphold the result reached, and the district court's findings of fact are binding on appeal unless not supported by substantial evidence). Similarly, it is equally understandable that a reasonable mind would conclude that a person would not engage a police officer in a pursuit to arouse or satisfy his sexual desires.

It is a fundamental tenet of law enforcement investigation that it is sometimes necessary to think like a criminal to catch a criminal. The majority not only overlooks this commonsense adage, but fails to give deference to the role of the district court as fact finder in this case. I would affirm the decision of the court of appeals and the judgment of the district court.

Cady, J., joins this dissent.