**IN THE COURT OF APPEALS OF IOWA**

No. 13-1538
Filed August 13, 2014

**IN THE INTEREST OF**

**C.R., Minor Child,**
        Appellant.

_____

        Appeal from the Iowa District Court for Chickasaw County, Alan D. Allbee, Associate Juvenile Judge.


        A juvenile appeals his adjudication for sexual abuse in the second degree and indecent exposure. **AFFIRMED.**


        David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

        Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, W. Patrick Wegman, County Attorney, and Mark Huegel, Assistant County attorney, for appellee.


        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

C.R. appeals his adjudication for sexual abuse in the second degree and indecent exposure. He claims the court erred in adjudicating him delinquent for indecent exposure because the State failed to prove the fourteen-year-old victim was offended. C.R. also claims his attorney rendered ineffective assistance when counsel failed to object to several evidentiary issues—hearsay and the State asking a witness to comment on the credibility of another witness.

## I. BACKGROUND FACTS AND PROCEEDINGS

On the night of March 15, 2013, C.R. and several other children were riding in a vehicle driven by C.R.'s aunt. They were returning home from a school carnival. C.R., then age fourteen, was sitting in the right rear passenger seat of the vehicle. Also in the rear seat were the victims D.C. and C.S., then age fourteen and eight, respectively. D.C. was sitting in the left rear passenger seat and C.S. was sitting in the middle, next to C.R. At some point during the trip C.R. unzipped his pants and exposed his penis, which was witnessed by D.C. She turned away and looked out the window. C.R. proceeded to cover his crotch area with a hat, and then pulled C.S.'s hand under the hat and onto his penis. Neither victim immediately reported the incident to the driver of the vehicle. After being dropped off at her home, D.C. told her mother about C.R.'s actions in the car.

Following an adjudicatory hearing and a dispositional hearing, the juvenile court placed C.R. on probation for committing sexual abuse in the second

degree, in violation of Iowa Code sections 709.1 and 709.3 (2013), and indecent exposure, in violation of section 709.9 . He filed a timely notice of appeal.

## II. SCOPE AND STANDARDS OF REVIEW

Our review of delinquency proceedings is de novo. *In re A.K.*, 825 N.W.2d 46, 49 (Iowa 2013). Delinquency proceedings differ from the criminal prosecution of a child. *Id.* They are special proceedings where the best interests of the child is the objective. *Id.* While we give weight to the juvenile court's factual findings, especially regarding the credibility of witnesses, we are not bound by them. *Id.* Our review of ineffective-assistance-of-counsel claims is also de novo. *State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014).

## III. INDECENT EXPOSURE

C.R. argues the court erred in adjudicating him delinquent for indecent exposure. Specifically, he alleges the State failed to prove D.C. was offended by viewing his penis. C.R. argues there is no evidence of D.C.'s state of mind besides her testimony. He argues her testimony alone establishes she was "simply" scared and not offended.

Iowa Code section 709.9 provides:

> A person who exposes the person's genitals or pubes to another not the person's spouse, or who commits a sex act in the presence of or view of a third person, commits a serious misdemeanor, if:
> 1. The person does so to arouse or satisfy the sexual desires of either party; and
> 2. The person knows or reasonably should know that the act is offensive to the viewer.

Our supreme court has broken down the crime of indecent exposure into the following four elements:

> "1. The exposure of genitals or pubes to someone other than a spouse . . . ;
> 2. That the act is done to arouse the sexual desires of either party;
> 3. The viewer was offended by the conduct; and
> 4. The actor knew, or under the circumstances should have known, the victim would be offended."

*State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008) (quoting *State v. Isaac*, 756 N.W.2d 817, 819 (Iowa 2008)). Here, C.R. challenges only the third element of the crime. D.C. testified that when she saw C.R.'s penis, she turned and looked out her window. She also testified she was "kind of a little bit scared." C.R. alleges this does not satisfy the third element because fear and offense are two different emotions. He also argues D.C.'s state of mind was based purely upon her fear of being beaten up by C.R. if she reported his conduct, as he had earlier threatened to beat up her little brother if she reported seeing him smoking.

The intention behind section 709.9 is "to criminalize only visual sexual assaults upon *unwilling* viewers." *State v. Bauer*, 337 N.W.2d 209, 211 (Iowa 1983) (emphasis added). Requiring the State to show an alleged victim was offended by an actor's conduct is one way this intention is accomplished. *See id.* at 212. Here, the record clearly shows D.C. was far from a willing viewer—she turned and looked out her window and was frightened. After the incident, she reported it to her mom. Based upon our de novo review of this record, we too find the victim was offended by C.R.'s conduct. *See also State v. Adams*, 436 N.W.2d 49, 50 (Iowa 1989) (noting a 14-year-old girl "obviously was offended" when she saw a man exposing himself in an apartment window). D.C.'s act of turning away from the exposure is evidence that she was offended. Her self-

reported fear that she would be beaten up by C.R. for telling on him helps to explain why she waited until later to report what she saw, but this does not diminish the evidence of her state of mind of offense in response to C.R.'s conduct.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

C.R. also claims on appeal his counsel rendered ineffective assistance. He argues his attorney should have raised a hearsay objection when D.C.'s mother testified as to what her daughter told her about the incident. C.R. also alleges his attorney incompetently failed to object when the State questioned C.S.'s aunt over whether she believed C.S. was being truthful when reporting what transpired in the car. C.R. contends this testimony improperly commented on C.S.'s credibility.

"A claimant alleging ineffective assistance of counsel must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). "To establish prejudice, a claimant must demonstrate 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa 2008)).

C.R. alleges the testimony of D.C.'s mother is hearsay, when she told the court: "[D.C.] said that [C.R.] had his penis out in the back of the car."[1] However, our review of the record shows the court also learned this fact from the testimony of D.C. herself. Because admissible evidence established the same matter put

---

[1] Although we question whether in context the statement was offered to prove the matter asserted, we will analyze the issue presented. *See* Iowa R. Evid. 5.801.

forward by the alleged hearsay, we do not see—and neither has C.R. shown us—how the admission of the alleged hearsay could have changed the result of the proceeding. We therefore find counsel's failure to raise a hearsay objection did not prejudice C.R. *See State v. McKettrick*, 480 N.W.2d 52, 60 (Iowa 1992) (finding the admission of hearsay is not prejudicial where "substantially the same evidence is in the record without objection").

C.R. also claims the State inappropriately asked C.S.'s mother to comment on the credibility of C.S. as a witness during the trial. C.R. claims "[t]he trial counsel should have objected to this line of questioning." However, on our review we note the juvenile court itself interrupted and stopped the State's line of questioning. This record establishes that the court, the finder of fact in this proceeding, recognized the State's error in questioning the credibility of a witness. Consequently, there is little doubt that when the court sua sponte stopped the questioning that it also disregarded the objectionable testimony. It is clear the outcome of the proceedings would not have been different had C.R.'s counsel objected to the testimony, rather than the court itself. *See State v. Matheson*, 684 N.W.2d 243, 244 (Iowa 2004) ("[A]n appellate court is less likely to reverse when improper evidence is introduced in bench trials in which the matter is for a judge's determination rather than for determination by a jury."). Accordingly, we find C.R. was not prejudiced by counsel's failure to object to credibility testimony either.

**AFFIRMED.**