# IN THE COURT OF APPEALS OF IOWA

No. 13-1766
Filed March 25, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DENNIS CLARENCE VRBA,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.

A defendant appeals his conviction for indecent exposure. **AFFIRMED.**

Michael G. Byrne of Winston & Byrne, P.C., Mason City, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Andrew D. Olson, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Dennis Vrba committed sex acts at an athletic facility. Following a bench trial, the district court found him guilty of indecent exposure, in violation of Iowa Code section 709.9 (2013). On appeal, Vrba contends the record lacks sufficient evidence to support the intent element of the crime and the district court should have given greater weight to evidence of his good character.

### I.    Sufficiency of the Evidence

Iowa Code section 709.9 defines indecent exposure as follows:

> A person . . . who commits a sex act in the presence of or view of a third person, commits a serious misdemeanor, if:
>   1. The person does so to arouse or satisfy the sexual desires of either party; and
>   2. The person knows or reasonably should know that the act is offensive to the viewer.

Vrba argues the State failed to prove he knew or reasonably should have known the act was offensive to the viewer. This element "requires the State to show the state of mind of both the actor and the victim-viewer." *State v. Bauer*, 337 N.W.2d 209, 212 (Iowa 1983). "It must be shown that the viewer was offended by the conduct. It must also be shown that the actor knew, or under the circumstances, should know the viewer would be offended." *Id.*

As a preliminary matter, Vrba contends the district court morphed the State's burden of proof with our standard of review. We disagree. The State is obligated to establish each element of a crime by proof beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364 (1970). On appeal, we are bound by the district court's findings of guilt if they are supported by substantial evidence. *See State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008). The

district court repeatedly and explicitly concluded the State proved each element of the crime by proof beyond a reasonable doubt. There is no indication the court confused or conflated this burden with our standard of review. Accordingly, we proceed to the merits.

The district court made the following pertinent findings. The men's locker room of a YMCA houses a sauna with a transparent glass door. A janitor cleaning the locker room saw a naked man inside the sauna. The man was engaging in a sex act with another man. The janitor noticed a cosmetic bag on the bench near the sauna that he knew belonged to Vrba.

Several days later, the janitor was again cleaning the locker room when he again saw two men performing sex acts in the sauna. He identified one of the men as Vrba. The janitor testified these acts, like the one he witnessed earlier, offended him. Vrba was subsequently questioned by police. He admitted his involvement in both incidents.

These fact findings are supported by substantial evidence. Indeed, they are essentially undisputed.[1]

This brings us to the disputed issue: Vrba's knowledge that his conduct could offend a viewer. The district court determined Vrba knew or reasonably should have known the act was offensive to a third-party based on: (1) his request to have officers question him outside the presence of his wife, (2) his request to keep the incident from the media, and (3) his delay in informing his wife. In connection with another element, the court also noted Vrba "verbalized

---

[1] Vrba back-pedaled from some of his pretrial statements to police, but transcripts of those recorded statements were admitted at trial, and as the district court found, they unequivocally established key elements of the crime.

'precautions' that he undertook to avoid others seeing his sexual behavior and acknowledged that being observed by another would upset him, and possibly disgust the other person." The court further found Vrba "knew that he could be seen out of the sauna." Substantial evidence supports these fact-findings. Accordingly, the district court did not err in determining Vrba knew or reasonably should have known his sexual activity was offensive to a viewer. *See Jorgensen*, 758 N.W.2d at 837 (noting defendant's decision to stop fondling himself on seeing two store employees approaching him suggests he knew the employees would find the conduct offensive); *see also State v. Guthrie*, No. 10-1285, 2011 WL 2694713, at *3-4 (Iowa Ct. App. July 13, 2011) (rejecting assertion defendant's embarrassment and effort to cover himself reflected his sexual activity was unintentional).

## II.    *Evidence of Vrba's Character or Reputation*

Vrba called an expert to render a professional opinion about his character traits. The expert stated he spoke to Vrba on thirteen occasions following the incidents in question. Over the State's objection, the district court allowed the expert to testify on a limited basis about Vrba's quiet, non-exhibitionist nature. The expert stated Vrba was "gentle as a lamb."

In its findings and conclusions, the court essentially discounted the expert's testimony on the ground he never discussed the specifics of the YMCA incidents with Vrba. Vrba now contends the district court "failed to properly consider" this character evidence.

The admissibility of opinion evidence falls squarely within the trial court's sound discretion. *State v. Hulbert*, 481 N.W.2d 329, 332 (Iowa 1992).[2] We will reverse only for an abuse of discretion. *Id.*

Iowa Rule of Evidence 5.404(a) generally requires the exclusion of evidence relating to a person's character or character trait to prove the person acted in conformity with it on a particular occasion. There is an exception for "[e]vidence of a pertinent trait of the person's character offered by an accused." Iowa R. Evid. 5.404(a)(1). Despite this exception, "expert psychological evidence may not be used to merely bolster a witness's credibility" or "as a direct comment on the guilt or innocence of the defendant." *Hulbert*, 481 N.W.2d at 332. Expert opinions based on postcrime interviews are especially questionable. *See id.* at 332-33 (expressing concern with expert's proposed testimony based on defendant's "performance on after-the-fact interviews and standardized test scores").

We discern no abuse of discretion in the district court's decision to admit the character opinion but to essentially afford it no weight. The opinion was based on sessions beginning three months after the second incident, added little if anything to lay testimony about Vrba's good character, and came close to impermissible vouching for the credibility of a witness.

We affirm Vrba's judgment and sentence for indecent exposure.

**AFFIRMED.**

---

[2] The State suggests this issue is being raised as an appeal from the court's denial of Vrba's new trial motion and, accordingly, should be reviewed under a weight-of-the-evidence standard. *See State v. Ellis*, 578 N.W.2d 655, 658-59 (Iowa 1998). In our view, this issue simply raises a challenge to an evidentiary ruling.