## IN THE COURT OF APPEALS OF IOWA

No. 21-0715
Filed October 19, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TROY DANIEL DOWELL,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.


Troy Dowell appeals his conviction for indecent exposure. **AFFIRMED.**


Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for
appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney
General, for appellee.


Considered by Bower, C.J., Tabor, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**VOGEL, Senior Judge.**

Troy Dowell appeals his conviction for indecent exposure. He argues his conviction is not supported by substantial evidence and is against the weight of the evidence. We reject his arguments and affirm.

## I. Background Facts and Proceedings.

On the evening of November 8, 2020, M.W. went to a store in Des Moines where her boyfriend worked. While she was in the store, she noticed a man—later identified as Dowell—watching her. She eventually bought a few things, left the building, and sat in her vehicle in the store parking lot while she waited for her boyfriend's shift to end. She noticed Dowell left the store soon after she did. Security video shows M.W. entering the driver's seat of her car and then Dowell sitting on the curb on the driver's side of her car about one empty parking space away. About thirty seconds later, Dowell stood up, walked over to a passing bicyclist, took a candy bar from the bicyclist, and sat back down on the curb. While Dowell walked toward the bicyclist, his back to M.W. but his front facing the camera, his penis briefly becomes visible. He quickly pulled down his shirt and continued walking with an odd gait. After he sat back down, M.W. saw Dowell's penis, testifying he "had his genitalia out and he was touching it." She further testified he was "groping himself" and "masturbating" with "an up-and-down motion." From her car, she called her boyfriend and the police. Her boyfriend quickly exited the store and saw Dowell "fiddling with his pants" with "his hand in his pants." The two men briefly spoke, and Dowell got into a car but then walked away from the property.

Officer Brandon Holtan with the Des Moines Police Department responded to M.W.'s call. After arriving at the store, he spoke to M.W. and her boyfriend and then identified a car in the parking lot registered to Dowell. Later in his shift, Officer Holtan responded to another call approximately two blocks away from the store. Upon arriving at that location, Officer Holtan found Dowell on his back and screaming. Dowell's pants—women's leggings—were around his ankles and over his shoes, leaving his penis exposed. He eventually calmed down and spoke to Officer Holtan. He remembered going to the store and interacting with M.W.'s boyfriend, but "he was very apprehensive to make any admissions" about exposing himself or interacting with M.W.

Dowell was arrested and charged with indecent exposure. After a bench trial, he was convicted as charged. He filed a motion for new trial and in arrest of judgment, both of which the district court denied. Before sentencing, he stipulated to having two prior convictions for sexually predatory offenses. With the enhancement for a third or subsequent sexually predatory offense, the court sentenced him to a term of incarceration not to exceed ten years. He appeals.

## II. Analysis.

### A. Sufficiency of the Evidence

We review sufficiency of the evidence claims for correction of errors at law. When evaluating the sufficiency of the evidence, we consider whether, taken in the light most favorable to the State, the finding of guilt is supported by substantial evidence in the record. There is substantial evidence if the evidence would convince a rational fact finder the defendant is guilty beyond a reasonable doubt. We draw all legitimate inferences in support of the verdict. However, evidence which merely raises suspicion, speculation, or conjecture is insufficient. The evidence must at least raise a fair inference of guilt as to each essential element of the crime.

*State v. Crawford*, 974 N.W.2d 510, 516–17 (Iowa 2022) (cleaned up).

The crime of indecent exposure has four elements:

> 1. The exposure of genitals or pubes to someone other than a spouse . . . ;
> 2. That the act is done to arouse the sexual desires of either party;
> 3. The viewer was offended by the conduct; and
> 4. The actor knew, or under the circumstances should have known, the victim would be offended.

*State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008) (alteration in original) (quoting *State v. Isaac*, 756 N.W.2d 817, 819 (Iowa 2008)); *see also* Iowa Code § 709.9(1) (2020). "It is only exposure with a sexual motivation, inflicted upon an unwilling viewer, which will constitute the offense." *Isaac*, 756 N.W.2d 817, 819 (Iowa 2008) (quoting *State v. Bauer*, 337 N.W.2d 209, 211 (Iowa 1983)).

Dowell argues the evidence is insufficient to support the first two elements. As to the first element—whether M.W. saw Dowell's penis—Dowell points to M.W.'s statements to Officer Holtan at the store. Dowell's counsel elicited the following testimony, without objection, while cross-examining Officer Holtan:

> Q. Did you review your body cam video prior to today's testimony? A. Yes, I did.
> Q. And you asked [M.W.] (reading) was he masturbating and she said, I didn't get enough of a look. I saw things jiggling, and I looked away. I don't know what he was trying to do, but it wasn't cute? A. That seems correct.

Dowell argues M.W.'s statement, given immediately after their encounter, shows she did not see his penis.

M.W.'s statement to the officer at the scene was in response to his question as to whether Dowell was masturbating, not whether she saw his penis. M.W. explicitly testified at trial she saw Dowell's penis. Her testimony therefore is

sufficient evidence to support the specific element of the crime that Dowell exposed his genitals to her. *Accord State v. Donahue*, 957 N.W.2d 1, 10–11 ("A sexual abuse victim's testimony alone may be sufficient evidence for conviction."). Additionally, the brief glimpse of his penis on the security video indicates Dowell's penis was exposed around the time in question. The evidence is sufficient to support finding M.W. saw Dowell's penis.

As to the second element—whether Dowell acted for sexual gratification— M.W. explicitly testified she saw him groping his genitalia and making other masturbatory movements. Again, her testimony is sufficient to prove he acted for sexual gratification. *Accord Donahue*, 957 N.W.2d at 10–11. Nevertheless, Dowell argues he was too intoxicated to form the specific intent needed to act for sexual gratification. Voluntary intoxication "may negate criminal intent." *State v. Caldwell*, 385 N.W.2d 553, 557 (Iowa 1986). When a defendant is intoxicated, "he will not be absolved of criminal responsibility if he still possesses mental capacity to entertain the intent. Mere intoxication is not sufficient." *State v. Guerrero Cordero*, 861 N.W.2d 253, 259 (Iowa 2015) (quoting *State v. Wilson*, 11 N.W.2d 737, 745–46 (Iowa 1943)), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016).

Dowell points to several indications he was intoxicated that night. M.W. testified he appeared to be "tweaking," which in her words means "they're in a sort of incapacitated state, where they're basically kind of acting crazy." Her boyfriend testified he appeared to be under the influence because he was sweating in cool weather, acting "uncomfortably calm," and slurring and muffling his speech. Officer Holtan testified he appeared to be under the influence because his behavior was

erratic, his speech was slurred and mumbled, and later he was found naked and screaming. Additionally, Dowell points to his unusual behavior of wearing women's leggings as pants, leaving his car in the store parking lot, fidgeting throughout the security video, and walking over to meet and take a candy bar from the bicyclist in the middle of his accused conduct.

The record contains evidence Dowell was under the influence of something that night, but the record also indicates he was in control of his actions. The video shows him sitting next to M.W.'s car, pulling down his leggings just far enough to expose himself, covering himself when he stood to meet the bicyclist, returning to sit next to the car, and promptly leaving the parking lot when M.W.'s boyfriend confronted him. Officer Holtan also testified Dowell answered questions and remembered details of the night but was "apprehensive" about questions regarding exposing himself. This evidence is sufficient to conclude Dowell retained the mental capacity to act for sexual gratification despite his intoxication. With the evidence sufficient to support the challenged elements for indecent exposure, we reject his sufficiency-of-the-evidence challenge.

*B. Weight of the Evidence*

"We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Ernst*, 954 N.W.2d 50, 60 (Iowa 2021) (quoting *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016)). "A new trial is appropriate under a weight-of-the-evidence challenge 'only in the extraordinary case in which the evidence preponderates heavily against the verdict rendered.'" *Id.* (quoting *Ary*, 877 N.W.2d at 706). "The question for the court is . . . whether a greater amount of credible evidence suggests the verdict

rendered was a miscarriage of justice." *Id.* (alteration in original) (quoting *Ary*, 877 N.W.2d at 706).

Dowell renews his arguments from above, arguing the weight of the evidence does not support finding that M.W. saw his exposed penis or that he acted for sexual gratification. In denying his motion for new trial, the district court noted its authority to evaluate the credibility of witnesses and to draw inferences from the security video. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The [factfinder] is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive."). We agree the court's findings are within this authority, and we find no abuse of discretion in denying his motion for new trial.

## III. Conclusion

The witness testimony and security video provide substantial evidence to support Dowell's conviction. The district court did not abuse its discretion in denying his motion for new trial based on the weight of the evidence.

**AFFIRMED.**