# IN THE SUPREME COURT OF IOWA

No. 23–0560

Submitted March 21, 2024—Filed April 19, 2024

**STATE OF IOWA,**

   Appellee,

vs.

**CHRISTOPHER JAMES WILSON,**

   Appellant.

---

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, Judge.

The defendant appeals his conviction and sentence of two counts of indecent exposure, arguing that the unit of prosecution is per exposure, not per viewer; therefore, there was insufficient evidence to convict him on two separate counts of indecent exposure. **AFFIRMED.**

Christensen, C.J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

**CHRISTENSEN, Justice.**

After masturbating in public within the view of two women, the defendant was charged with two counts of indecent exposure under Iowa Code section 709.9 (2022). On appeal, the defendant asserts the unit of prosecution for indecent exposure is per exposure, not per viewer. As a result, the defendant argues there was insufficient evidence to support a conviction on two counts of indecent exposure, thereby rendering the imposed sentence illegal. Finally, the defendant argues that the district court did not state sufficient reasons for imposing a consecutive sentence under Iowa Rule of Criminal Procedure 2.23(3)(*d*) (2022).

We hold that the unit of prosecution for indecent exposure is one count per viewer, not one count per exposure. Thus, we affirm the defendant's conviction of two counts of indecent exposure. Additionally, the district court provided sufficient reasoning for imposing a consecutive sentence; therefore, we affirm the sentencing order of the district court.

## I. Background Facts and Proceedings.

On the evening of November 28, 2022, E.H. and T.A. arrived at a Hy-Vee gas station at approximately 9:30 p.m. E.H. parked her vehicle by the front doors of the gas station and attempted to go inside. The gas station was closed but E.H. briefly spoke with the store attendant. When E.H. began to walk back to her vehicle, T.A. told her to get into the car. E.H. and T.A. then saw the defendant, Christopher James Wilson, approximately six feet away from the vehicle. While making eye contact with E.H. and T.A., the defendant openly masturbated with his penis pulled through a hole in his pants.

E.H. and T.A. called 911. The two women remained on the line with the dispatcher and moved their car to a nearby Hobby Lobby parking lot on the other side of the gas station. After relocating, E.H. and T.A. could not see the defendant

for a period of time. However, the defendant had followed them to the other side of the gas station. He weaved in and around cars and continued walking toward E.H. and T.A.'s vehicle. He eventually became visible, and the defendant again openly masturbated while directly making eye contact with E.H. and T.A.

The police arrived shortly thereafter. The two responding officers noted a hole in the defendant's pants that went from underneath the crotch area toward the inner part of his right knee. The defendant was ultimately arrested and charged with two counts of indecent exposure. After a jury trial, he was convicted as charged on both counts. The defendant was sentenced to an enhanced sentence under Iowa Code section 901A.2(1) to an indeterminate prison term of two years for the first count and an indeterminate prison term of two years for the second count. A special sentence was imposed under Iowa Code section 903B.2 for a period of ten years. The sentence for count one was ordered to run consecutive to the sentence for count two. The defendant timely appealed.

## II. Standards of Review.

We review rulings on questions of statutory interpretation for correction of errors at law. *State v. Copenhaver*, 844 N.W.2d 442, 447 (Iowa 2014). We will uphold a verdict if there is substantial evidence in the record to support it. *State v. Neiderbach*, 837 N.W.2d 180, 216 (Iowa 2013). Evidence is substantial if, "when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* (quoting *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012)).

We are permitted to review a challenge that a sentence is illegal at any time, and such a challenge is generally reviewed for correction of errors at law. *Jefferson v. Iowa Dist. Ct.*, 926 N.W.2d 519, 522 (Iowa 2019). "An illegal sentence is a sentence that is not permitted by statute." *Copenhaver*, 844 N.W.2d at 447. "It is well established in Iowa law that a single course of conduct can give rise to

multiple charges and convictions." *State v. Velez,* 829 N.W.2d 572, 584 (Iowa 2013). If the legislature has criminalized "two separate and distinct acts, separate sentences on each act are not illegal." *Copenhaver,* 844 N.W.2d at 447. Therefore, to determine what conduct the legislature has criminalized, we must "ask what unit of prosecution the legislature intended in enacting the statute." *Id.*

"We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits." *State v. Gordon,* 921 N.W.2d 19, 24 (Iowa 2018). A district court abuses its discretion if it "exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (quoting *State v. Thompson,* 856 N.W.2d 915, 918 (Iowa 2014)). "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.' " *State v. Plain,* 898 N.W.2d 801, 811 (Iowa 2017) (quoting *State v. Dudley,* 856 N.W.2d 668, 675 (Iowa 2014)).

### III. Analysis.

On appeal, the defendant argues that the unit of prosecution for indecent exposure is one count per exposure, not one count per viewer. Thus, the defendant argues there was insufficient evidence to convict him of two counts of indecent exposure, and therefore, the resulting sentence is illegal. The defendant also contends that the district court abused its discretion by not properly stating its reasons for ordering his sentences to run consecutively under Iowa Rule of Criminal Procedure 2.23(3)(*d*). For the reasons expressed below, we hold that the unit of prosecution for indecent exposure is per viewer and that the district court did sufficiently state its reasoning for ordering the defendant's sentences to run consecutively.

**A. Sufficiency of the Evidence.** The defendant first argues that the unit of prosecution for indecent exposure is one count per exposure, not one count

per viewer. Thus, the defendant contends that the State did not present sufficient evidence to sustain a conviction on two counts of indecent exposure under Iowa Code section 709.9.

1. *Whether the unit of prosecution for indecent exposure is per exposure or per viewer.* To determine whether the evidence was sufficient to support the verdict, we must determine what act Iowa Code section 709.9 criminalizes. *Cf. State v. Ross*, 845 N.W.2d 692, 698 (Iowa 2014). Iowa Code section 709.9 provides:

> 1. A person who exposes the person's genitals or pubic area to another not the person's spouse, or who commits a sex act in the presence of or view of a third person, commits a serious misdemeanor if all of the following apply:
>
> *a.* The person does so to arouse or satisfy the sexual desires of either party.
>
> *b.* The person knows or reasonably should know that the act is offensive to the viewer.
>
> 2. *a.* A person who masturbates in public in the presence of another, not a child, commits a serious misdemeanor.
>
> *b.* A person who masturbates in public in the presence of a child commits an aggravated misdemeanor.
>
> *c.* For the purpose of this subsection, "*masturbate*" means physical stimulation of a person's own genitals or pubic area for the purpose of sexual gratification or arousal of the person, regardless of whether the genitals or pubic area is exposed or covered.

We first "look to statutory language to determine what the legislature intended as a 'unit of prosecution' for a particular crime." *Velez*, 829 N.W.2d at 579 (collecting cases). A plain reading of the statute indicates the legislature intended to criminalize three alternative acts that would constitute indecent exposure. The first act is when a person exposes their genitals or pubic area to another who is not the person's spouse, with the intent to arouse or satisfy the sexual desires of either party, and the person knew or reasonably should have known the act

was offensive to the viewer. *Id.* § 709.9(1). The second act is when a person commits a sex act in the presence or view of a third person with the intent to arouse or satisfy the sexual desires of either party, and the person knew or reasonably should have known the act was offensive to the viewer. *Id.* The third act is when a person masturbates in the public presence of another. *Id.* § 709.9(2).

We note that for all versions of the crime, it consists of the defendant exposing themselves "to another" or masturbating "in the presence of another." Thus, we have previously held that indecent exposure is "essentially a visual assault crime," and to successfully convict a defendant, the state must produce a victim who saw the exposure. *State v. Isaac*, 756 N.W.2d 817, 819 (Iowa 2008) (quoting *State v. Bauer*, 337 N.W.2d 209, 211 (Iowa 1983) (en banc)). This is because the legislature criminalized "only visual sexual assaults upon unwilling viewers." *Bauer*, 337 N.W.2d at 211. In addition, the unit of prosecution for this visual assault crime is the act of doing something "to another," not to "the world generally," "a person or persons," "one or more persons," or "any number of persons." This indicates each person—i.e., each "another"—who is a victim of the indecent exposure amounts to a separate offense that can be prosecuted. Therefore, we hold that the unit of prosecution for indecent exposure under Iowa Code section 709.9(2)(*a*) is per viewer, not per exposure.

Our holding is consistent with other jurisdictions that require a third person to have witnessed the defendant's exposure. *See United States v. Lacy*, 53 M.J. 509, 510 (N-M Ct. Crim. App. 2000) (adopting a "different victims" standard as the unit of prosecution for indecent exposure); *cf. State v. Sandoval*, 857 P.2d 395, 398–400 (Ariz. Ct. App. 1993) (determining the allegation that a defendant exposed his genitals in the presence of two minor females was sufficient to permit a conviction of two counts of indecent exposure); *Commonwealth v. Andrulewicz*, 911 A.2d 162, 167 (Pa. Super. Ct. 2006) (upholding a conviction on two counts

of indecent exposure when the record showed two minor children observed the defendant masturbating).

There are many states that have defined the unit of prosecution for indecent exposure as per exposure, not per viewer; however, unlike Iowa, these jurisdictions do not require a third person to view the exposure. *See People v. Smith*, 147 Cal. Rptr. 3d 314, 317 (Ct. App. 2012) ("The language of the statute prohibits the exposure itself and not the specific exposure to a person."); *People v. Vronko*, 579 N.W.2d 138, 142 (Mich. Ct. App. 1998) (per curiam) ("For these reasons, we hold that there is no requirement that the defendant's exposure actually be witnessed by another person in order to constitute 'open or indecent exposure'. . . ."); *Ebeling v. State*, 91 P.3d 599, 601–02 (Nev. 2004) (per curiam) ("A violation of NRS 201.220(1) does not require that the indecent exposure be witnessed. . . . Since Ebeling committed only one act of indecent exposure, NRS 201.220(1) only provides for one charge of indecent exposure, regardless of the number of witnesses."); *State v. King*, 151 S.E.2d 566, 567 (N.C. 1966) (per curiam) (" 'It is not essential to the crime of indecent exposure that someone shall have seen the exposure . . . .' '[T]he offense does not depend on the number of people present . . . .' " (alteration in original) (first quoting 33 Am. Jur. 19; then quoting 67 C.J.S. *Obscenity* § 5, at 26); *Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011). ("After considering all of these factors, we believe that the clear language of Section 21.11(a)(2)(A) indicates that the exposure, not the number of children present, constitutes the unit of prosecution."). As a result, we do not find these jurisdictions to be influential to our analysis.

2. *Whether the resulting sentence was illegal.* Because the legislature defined the unit of prosecution for indecent exposure as per viewer, not per exposure, there is sufficient evidence to support the defendant's conviction on two counts of indecent exposure. On the 911 call, E.H. indicated she and T.A. had

seen the defendant masturbating while looking at them in the Hy-Vee gas station parking lot. After moving their vehicle to the Hobby Lobby parking lot, they both screamed on the call as the defendant came back into their view and again masturbated while looking at them. Such testimony was further corroborated when both E.H. and T.A. reiterated during trial that they witnessed the defendant masturbating in the Hy-Vee gas station parking lot and in the Hobby Lobby parking lot. Based on this evidence, it is clear that there were two individuals who viewed the defendant's exposure. Therefore, we find the evidence was sufficient to convince a rational jury that the defendant was guilty beyond a reasonable doubt on both counts of indecent exposure. Thus, the defendant's sentence was not illegal.

**B. Whether the District Court Properly Stated its Reasons for Imposing a Consecutive Sentence.** The defendant's final argument on appeal is that the district court failed to provide adequate reasoning for ordering his sentences to run consecutively as required under Iowa Rule of Criminal Procedure 2.23(3)(*d*). Rule 2.23(3)(*d*) states:

> If no sufficient cause is shown why judgment should not be pronounced, and none appears to the court upon the record, judgment shall be rendered. Prior to such rendition, counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment. In every case the court shall include in the judgment entry the number of the particular section of the Code under which the defendant is sentenced. The court shall state on the record its reason for selecting the particular sentence.

Iowa R. Crim. P. 2.23(3)(*d*); *see also State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) ("Rule 2.23(3)(*d*) applies to the district court's decision to impose consecutive sentences."). "Without such a record, there would be nothing from which we could discern any abuse of sentencing discretion." *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979). A terse and succinct statement is sufficient provided

that the brevity of the court's statement does not prevent appellate review of the exercise of the trial court's sentencing discretion. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Additionally, the reasoning for imposing consecutive sentences may be the same reasons the district court relied on for the imposition of incarceration. *Hill*, 878 N.W.2d at 275.

Here, the district court's statements during sentencing were as follows:

> Well, Mr. Wilson, the purpose of sentencing is to do two things. It's meant to rehabilitate you and to protect our community from further offenses from you. The record shows that you have a relatively long prior criminal record. Most disturbingly, you have prior convictions for this very same offense, including one that you were sentenced on just before you committed these two offenses.
>
> Mr. Wilson, at this point in time, I think really the only appropriate sentence here is to send you to prison for as long of a period of time as I can, which still won't be all that long. But hopefully it's enough time that'll give you an opportunity to get some treatment. It'll give you an opportunity to take a step back and look at yourself, look at your life, make some decisions about what kind of a future you want to be and what kind of a person you want to be.
>
> And if you use that time productively, Mr. Wilson, then there's no reason why, when you get out of prison, you can't go out there and work towards accomplishing your goals. But that's obviously only going to happen if you change the way you make decisions.
>
> And hopefully when you're in prison, you can do that. You can change the way you make decisions and you can get appropriate treatment. But I think at this stage, you just need to go to prison for the maximum penalty, because I don't think you'll stop committing this offense until you serve a significant amount of time in custody.
>
> So, Mr. Wilson, you are adjudged guilty of two counts of indecent exposure, masturbating in public, in violation of Section 709.9 and Section 709.9(2)(a) of the Iowa Code, and Section 903B.2 of the Iowa Code. In each case, pursuant to Chapter 901A.2(1), you are sentenced to serve -- you are committed to the custody of the Director of the Iowa Department of Corrections for an indeterminate term not to exceed two years, with credit for time served.
>
> These sentences shall be served consecutively and consecutively to any other sentence you're serving here in Iowa. You shall pay a $430 fine on each case, a 15 percent surcharge, court costs, court-appointed attorney fees. The State has 30 days to file a

statement of pecuniary damages. I find that you do not have the reasonable ability to pay category "B" restitution.

On each case you do have a right to appeal your judgment and conviction. If you wish to appeal, you must do so by filing a written notice of appeal with the clerk within 30 days. If you cannot afford the cost of an appeal, those will be provided for you at the public expense. Bond on appeal is $2,000 per charge. You shall also comply with the sex offender registry requirements pursuant to Chapter 692A of the Iowa Code.

Based on the record, we can discern that the district court sentenced the defendant to a term of incarceration due to his extensive criminal record that included convictions for the same offenses at issue here, one of which occurred just before he committed these two acts of indecent exposure, and the fear that the defendant would continue to commit this type of offense unless he was incarcerated. The district court also stated that the most appropriate sentence was the sentence that would result in the longest period of incarceration to allow the defendant the opportunity to receive treatment and evaluate how to best move forward with his life upon being released. While the district court did not expressly state this was its reason for imposing consecutive sentences, it was saying virtually the same thing because, in its own words, it was explaining that "the only appropriate sentence here is to send you to prison for as long of a period of time as I can." That means consecutive sentences. As a result, we find this to be a sufficient statement of the district court's reasoning for ordering the sentences to run consecutively. However, in the future, we encourage sentencing courts to explicitly state that it is referring to the subject matter of consecutive sentencing. *See Hill*, 878 N.W.2d at 275.

**IV. Conclusion.**

For these reasons, we affirm the conviction and sentence for two counts of indecent exposure.

**AFFIRMED.**