# IN THE SUPREME COURT OF IOWA

No. 07–0296

Filed December 19, 2008

**STATE OF IOWA,**

    Appellee,

vs.

**TROY HARLEY JORGENSEN,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Cerro Gordo County, Carlynn D. Grupp, Judge.

Defendant appeals his conviction for indecent exposure. **DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Paul L. Martin, County Attorney, and Carlyle D. Dalen and Steven D. Tynan, Assistant County Attorneys, for appellee.

**TERNUS, Chief Justice.**

The district court convicted the appellant, Troy Jorgensen, of indecent exposure after store employees, through a closed-circuit video system, observed him follow an unidentified woman through the store while repeatedly exposing his penis and masturbating. On appeal, the court of appeals rejected Jorgensen's contention there was insufficient evidence to support his conviction because there was no evidence that he knew he was being watched on a closed-circuit video system or that he knew or should have known the employees would be offended by his conduct. We conclude there is sufficient evidence to support the elements of the offense of indecent exposure, and therefore, we affirm the decisions of the district court and court of appeals.

### I. Facts and Prior Proceedings.

On June 2, 2006, an employee, working in the loss prevention department at the Shopko in Mason City, Iowa, was watching activity in the store on a closed-circuit video system. She noticed a man, later identified as Troy Jorgensen, walking through the store fondling himself over his clothes. As the employee continued to watch, she saw the man expose his penis several times and masturbate. The employee contacted two fellow employees for assistance. The three employees observed Jorgensen follow a woman through the store while repeatedly exposing his penis and masturbating. The woman may have seen Jorgensen's penis, but she could not be located later and was never identified.

While one store employee contacted the police, two of the employees left the video room to locate Jorgensen. When Jorgensen saw the two employees approach, he stopped fondling himself and attempted to exit the store. He was, however, detained by an off-duty officer.

Upon questioning, Jorgensen claimed he was wearing shorts that were too small for him and that sometimes the fly would open and expose his penis. Jorgensen was arrested for indecent exposure.

None of the three store employees who observed Jorgensen's behavior via the closed-circuit video system were married to him. All three stated they were offended by his conduct.

On June 22, 2006, the State filed a trial information charging Jorgensen with indecent exposure (second offense) in violation of Iowa Code section 709.9 (2005). Thereafter, Jorgensen entered a plea of not guilty.

Jorgensen subsequently filed a motion to adjudicate law points. He argued he did not commit indecent exposure because there was no evidence to support a finding that he knew the store employees might have viewed him through a closed-circuit video system. Jorgensen also asserted there was no evidence he purposefully exposed himself to the Shopko employees knowing, or under circumstances where he reasonably should have known, that the act was offensive to the employees. Therefore, Jorgensen claimed, he could not be convicted of indecent exposure.

A hearing on the motion was held. The court noted the crime of indecent exposure contains four distinct elements. The first element requires either the exposure of the genitals and pubes to someone other than the actor's spouse or that the actor committed a sex act in the presence or view of a third person. The court found the State could not prove indecent exposure by commission of a sex act under the facts alleged. It did, however, find the facts sufficient for the State to proceed under the first alternative: exposure of the genitals and pubes to someone other than the actor's spouse. The court further concluded

there was sufficient evidence of the other three elements of indecent exposure.[1]

Jorgensen waived his right to a jury trial and proceeded to a bench trial on a stipulated record that included the minutes of testimony and the amended trial information.[2]  On December 27, 2006, the district court issued its ruling, finding the defendant guilty of indecent exposure.

Jorgensen filed a motion for a new trial, asserting the district court erred in allowing evidence the employees saw him expose himself through store security cameras.  The court had considered this evidence because it found a reasonable shopper would believe the store would monitor activities of patrons and/or employees through closed-circuit video systems.  Jorgensen contended he could not have reasonably known store personnel would see his actions and would be offended by them.  The defendant's motion was overruled, and the district court sentenced Jorgensen to a suspended one-year sentence and placed him on probation.

In his appeal, Jorgensen maintained the State produced insufficient evidence of indecent exposure.  The court of appeals disagreed and affirmed the defendant's conviction.  We granted further review and now affirm the decision of the court of appeals and the judgment of the district court.

## II.  Scope of Review.

Sufficiency-of-the-evidence challenges are reviewed for correction of errors at law.  *State v. Hansen*, 750 N.W.2d 111, 112 (Iowa 2008).

---

[1]The court also rejected the defendant's argument the statute was void for vagueness.  This conclusion has not been challenged on appeal.

[2]The trial information was amended to delete any reference to a prior indecent exposure conviction.

"The district court's findings of guilt are binding on appeal if supported by substantial evidence." *Id.* Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *State v. Hopkins,* 576 N.W.2d 374, 377 (Iowa 1998). "To the extent the issue presents a question of statutory interpretation, our review is for correction of errors at law." *State v. Garcia,* 756 N.W.2d 216, 219 (Iowa 2008).

### III. Merits.

The issue before us is whether there was sufficient evidence to convict Jorgensen of indecent exposure. Indecent exposure is defined in Iowa Code section 709.9. In pertinent part it states:

> A person who exposes the person's genitals or pubes to another not the person's spouse . . . commits a serious misdemeanor, if:
>
> 1. The person does so to arouse or satisfy the sexual desires of either party; and
>
> 2. The person knows or reasonably should know that the act is offensive to the viewer.

Iowa Code § 709.9.

We have previously broken down the crime of indecent exposure into four elements:

> "1. The exposure of genitals or pubes to someone other than a spouse . . .;
>
> 2. That the act is done to arouse the sexual desires of either party;
>
> 3. The viewer was offended by the conduct; and
>
> 4. The actor knew, or under the circumstances should have known, the victim would be offended."

*State v. Isaac,* 756 N.W.2d 817, 819 (Iowa 2008) (quoting *State v. Adams,* 436 N.W.2d 49, 50 (Iowa 1989)).

Jorgensen asserts there was insufficient evidence he was aware he was being watched by the store employees or that he would have reason to know his conduct would be offensive to those employees.[3]  According to Jorgensen, "[n]owhere in the minutes of testimony does it indicate that the security system cameras were visible to store patrons or that there were posted signs warning store patrons that they may be watched by security cameras."  He further claims he did not expose himself to the employees with the specific intent to arouse his or their sexual desires, insomuch as he was unaware of their presence via the closed-circuit video system.

It is undisputed the State lacked sufficient evidence regarding the defendant's exposure of his penis to the unidentified woman, the presumed target of his actions.  The question raised by this case is whether the statute requires knowledge by the actor of the identity of his actual victim; or, stated somewhat differently, whether the defendant can be found guilty of exposing himself to an audience of whom he was not specifically aware.  This question has not been previously addressed by this court.

Our goal in interpreting criminal statutes " 'is to ascertain legislative intent in order, if possible, to give it effect.' "  *State v. Finders*,

---

[3]The appellant does not challenge whether observation via a closed-circuit video system *itself* constitutes exposure for purposes of the statute, only that there was insufficient evidence he was aware he was being observed via video camera. *Cf. State v. Bouse*, 150 S.W.3d 326, 331 (Mo. Ct. App. 2004) (holding Missouri statute defining sexual misconduct involving a child did not limit the means or mode of exposure and concluding "expose" included an exposure on the Internet as well as in a public park), *with Swire v. State*, 997 S.W.2d 370, 373–74 (Tex. Ct. App. 1999) (Burgess, J., dissenting) (asserting under Texas statute, "indecent exposure requires that a defendant actually expose himself to another individual" and therefore concluding there was insufficient evidence of indecent exposure because the defendant was unaware of the video camera recording his actions, although noting exposure to a known video camera would be a different question).

743 N.W.2d 546, 548 (Iowa 2008) (quoting *State v. Conley*, 222 N.W.2d 501, 502 (Iowa 1974)). " 'We consider the object sought to be accomplished and the evil sought to be remedied, and seek a reasonable interpretation that will best effect the legislative purpose and avoid absurd results.' " *Id.* (quoting *State v. Byers*, 456 N.W.2d 917, 919 (Iowa 1990)). " 'When a statute's language is clear, we look no further for meaning than its express terms.' " *State v. Kamber*, 737 N.W.2d 297, 298–99 (Iowa 2007) (quoting *State v. Beach*, 630 N.W.2d 598, 600 (Iowa 2001)).

Although the statute does not define the term "expose," we have held that indecent exposure is " 'essentially a visual assault crime.' " *State v. Bauer*, 337 N.W.2d 209, 211 (Iowa 1983) (quoting Kermit L. Dunahoo, *The New Iowa Criminal Code: Part II*, 29 Drake L. Rev. 491, 541 (1979–80)); *accord Isaac*, 756 N.W.2d at 819. This interpretation corresponds with the dictionary definition of "expose," which means "to lay open to view . . . EXHIBIT, DISPLAY." *Webster's Third New International Dictionary* 802 (unabr. ed. 2002); *accord Merriam-Webster's Collegiate Dictionary* 409 (10th ed. 2002) (defining "expose" as "to cause to be visible or open to view"); *Black's Law Dictionary* 783 (8th ed. 2004) (defining "indecent exposure" as "[a]n offensive display of one's body in public, esp. of the genitals"). *See generally State v. Lane*, 743 N.W.2d 178, 182 (Iowa 2007) (noting " 'we may refer to prior decisions of this court and others, similar statutes, dictionary definitions, and common usage' to determine [the statute's] meaning" (quoting *State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006))). Thus, the first element of the crime requires the defendant to expose or "cause to be visible or open to view" his or her genitals or pubes to someone other than a spouse. As this court noted in discussing a predecessor indecent exposure statute: "The

words 'indecent exposure' clearly imply that the act is either in the actual presence and sight of others, or is in such a place or under such circumstances that the exhibition is liable to be seen by others, and is presumably made for that purpose, or with reckless and criminal disregard of the decencies of life. . . . The exposure becomes 'indecent' only when [the actor] indulges in such practices at a time and place where, as a reasonable person, he knows, or ought to know, his act is open to the observation of others."[4] *State v. Martin,* 125 Iowa 715, 718, 101 N.W. 637, 638 (1904). This definition presupposes a public exposure as opposed to a private one.

Nothing, however, in the plain language of the statute limits the contours of the crime of indecent exposure to those acts involving the specific victim/viewer targeted by the actor. The statute does not require the actor to be aware or have knowledge of the specific person or persons to whom he is exposing himself. The statute also does not explicitly restrict the mode of exposure. The only limitation on the first element is that the exposure or act of making visible must be to another person not the defendant's spouse. *See State v. Sousa,* 201 A.2d 664, 666 (Conn. Cir. Ct. 1964) (" 'While the exposure must be intentional and not accidental, the intent required is only a general one, and need not be directed toward any specific person or persons.' " (quoting *Peyton v. Dist. of Columbia,* 100 A.2d 36, 37 (D.C. 1953)); *Parnigoni v. Dist. of Columbia,* 933 A.2d 823, 826 (D.C. Ct. App. 2007) (under statute that made it

---

[4]At the time, Iowa Code section 4938 (1897) provided:

> **Lewdness—indecent exposure.** . . . [I]f any man or woman, married or unmarried, is guilty of open and gross lewdness, and designedly makes an open and indecent or obscene exposure of his or her person, or of the person of another, every such person shall be imprisoned in the county jail not exceeding six months, or be fined not exceeding two hundred dollars.

unlawful "for any person or persons to make any obscene or indecent exposure of his or her person," court concluded the law did "not require that an accused have a specific intent to expose himself to any particular person"); *see also State v. Stevenson*, 656 N.W.2d 235, 240 (Minn. 2003) (in which relevant question under Minnesota indecent-exposure statute was whether defendant's conduct was so likely to be observed "that it must be reasonably presumed that it was intended to be witnessed," court concluded that, "given the location of [defendant's] vehicle, parked next to a public sidewalk adjacent to a beach where there were hundreds of people, it was almost certain that someone would walk by and observe [the defendant] masturbating," requirement that conduct was committed with the deliberate intent of being indecent or lewd was met).

It is reasonable to assume that a person who exposes himself in a public place runs the risk that he will be observed by more than his targeted audience, including those viewing by closed-circuit video systems installed in a public shopping area. It is also reasonable to assume this unwanted public exposure was the evil the legislature sought to remedy with this law. *See United States v. Boston*, 494 F.3d 660, 665 (8th Cir. 2007) (finding probable cause to arrest defendant for violating section 709.9 when off-duty police officer came upon defendant masturbating while walking along a trail in a park). The district court correctly concluded there was sufficient evidence to establish the defendant exposed his genitals to another person, other than a spouse, as the minutes of testimony of the three employees confirmed the employees had observed the defendant expose his penis and none of the employees were married to the defendant.

There was also sufficient evidence the act was done to arouse the sexual desires of the defendant, thus satisfying the second element of the

crime. The defendant acknowledges "it is reasonable to conclude that he was attempting to arouse or satisfy his own sexual desire" but notes his desire was "with respect to this unidentified woman," not the store employees who saw him. While this observation may be true, it is irrelevant to our inquiry here. The relevant inquiry is whether, at the time of the exposure, the actor was intending to arouse his own sexual desires *or* the sexual desires of the unwilling viewer. *See* Iowa Code § 709.9.

The requisite intent to arouse or gratify the sexual desire of any person can be inferred from an accused's conduct, remarks, and all surrounding circumstances. *Isaac*, 756 N.W.2d at 820. Here, the minutes of testimony established that the defendant, while wandering through the store, fondled his penis through his clothing, and then, as he followed an unidentified woman through the store, removed his penis from his shorts and openly masturbated. This behavior with its clearly sexual motivation was observed by the three Shopko employees while it was occurring, thereby meeting the second requirement. *See State v. Plenty Horse*, 741 N.W.2d 763, 765 (S.D. 2007) (holding "the prosecution must link the exhibition of one's genitals to the intent to seek sexual gratification"); *cf. Isaac*, 756 N.W.2d at 820 (noting "our statute requires [a sexual motivation] at the time of exposure to the viewer" and finding that, at the time of the defendant's exposure to the police officer, the required purpose no longer existed).

The third element requires the viewer be offended by the conduct. Here, the minutes of testimony established that all three store employees who viewed the defendant's public act of masturbation were offended. Thus, substantial evidence supports the third element.

The fourth and final element requires "the actor knew, or under the circumstances should have known, the victims would be offended." *Bauer*, 337 N.W.2d at 211; *accord* Iowa Code § 709.9. The incident report prepared by one of the store employees, who was continuing to observe the defendant on the closed-circuit video system as the other two employees approached him, stated the defendant continued to fondle himself after walking past the unidentified female shopper, but when he observed the two store employees approaching him, he quit fondling himself and proceeded to attempt to exit the store. This action suggests Jorgensen knew the employees would find his conduct offensive, thereby meeting the fourth element of the offense. *See Bauer*, 337 N.W.2d at 211 (" 'It is only exposure with a sexual motivation, *inflicted upon an unwilling viewer*, which will constitute the offense.' " (quoting 4 John J. Yeager & Ronald L. Carlson, *Iowa Practice: Criminal Law and Procedure* § 217, at 63 (1979)) (emphasis added)). Moreover, applying common mores, Jorgensen should have known that store employees would find his acts of unsolicited public masturbation to be offensive. *Cf. Hankins v. State*, 85 S.W.3d 433, 435 (Tex. Ct. App. 2002) (under indecent exposure statute that requires recklessness about whether another is present who will be offended by act, Texas court held rational fact finder could have concluded defendant who exposed himself in adult book store was reckless because, as far as he knew, the other person was present simply to watch a movie, not to see the defendant's body).

## IV. Conclusion.

The district court's finding that the defendant was guilty of indecent exposure when he exposed himself to three store employees is supported by substantial evidence. Although the three employees were not the object of Jorgensen's sexual desire, Jorgensen's exposure of his

genitals was sexually motivated at the time they witnessed it. In addition, the viewers were offended, and Jorgensen knew or should have known under the circumstances these unwilling viewers would be offended. The district court's judgment is affirmed.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Baker, J., who takes no part.