**IN THE COURT OF APPEALS OF IOWA**

No. 14-0598
Filed June 10, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JASON BOUTWELL,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Clinton County, Stuart P. Werling, Judge.


Jason Boutwell appeals the judgment and sentence following his conviction for multiple counts of second-degree sexual abuse and sexual exploitation of a minor.  **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Michael L. Wolf, County Attorney, and Ross Barlow, Assistant County Attorney, for appellee.


Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

Jason Boutwell appeals the judgment and sentence following his conviction for seven counts of second-degree sexual abuse and sixty counts of sexual exploitation of a minor, claiming the evidence was insufficient to support the jury's findings of guilt. We affirm.

## I.    *Background Facts and Proceedings*

The State filed a trial information charging Boutwell with seven counts of second-degree sexual abuse, in violation of Iowa Code section 709.1(3) and 709.3(2) (2013), and sixty counts of sexual exploitation of a minor, in violation of section 728.12(1), following allegations that he had sexually abused and taken numerous sexually explicit photographs of his live-in girlfriend's young daughter. Following a trial, the jury found Boutwell guilty on all counts and the district court entered judgment and sentence.[1]  Boutwell appeals. Facts specific to his claims on appeal will be set forth below.

## II.    *Standards of Review*

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence."

---

[1] The district court sentenced Boutwell to indeterminate twenty-five year terms for each sexual abuse conviction, with the sentences in counts I through III to run consecutively and the sentences in counts IV through VII to run concurrently to the sentences in counts I through III. The court sentenced Boutwell to ten year terms for each sexual exploitation of a minor conviction, with the sentences in counts VIII through X to run consecutively but concurrently with the sentences in counts I through III, and the sentences in counts XI through LXVII to run concurrently to the sentences in counts VIII through X.

*State v. Showens*, 845 N.W.2d 436, 439-40 (Iowa 2014). The jury's verdict is binding on appeal unless there is an absence of substantial evidence in the record to sustain it. *State v. Hennings*, 791 N.W.2d 828, 832 (Iowa 2010). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008).

We review ineffective-assistance-of-counsel claims de novo. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). To succeed on such a claim, Boutwell must prove both that (1) his counsel failed to perform an essential duty, and (2) he suffered prejudice as a result of his counsel's failure. *See id.*

## III.  *Sexual Exploitation of a Minor*

As noted, Boutwell's claim on appeal relates to the sufficiency of the evidence to support his convictions.[2]  Specifically, Boutwell contends that "[a]lthough there were sixty-four photos arguably depicting A.P. engaged in prohibited sex acts, a review of the evidence does not support a conclusion that

---

[2] Boutwell's discrete sufficiency-of-the-evidence claim, now asserted on appeal, was not raised in his motion for judgment of acquittal. If a motion for judgment of acquittal lacks specific grounds, those grounds are not preserved. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal."). Boutwell also raises the claim in the form of an ineffective-assistance-of-counsel claim, for which the normal error preservation rules do not apply. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010); *see also State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011) ("Failure of trial counsel to preserve error at trial can support an ineffective-assistance-of-counsel claim."). Although claims of ineffective assistance of counsel are generally preserved for postconviction relief proceedings, if the record is adequate to permit a ruling, we may consider these claims on direct appeal. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). A claim of ineffective assistance of counsel premised on counsel's failure to raise a claim of insufficient evidence to support a conviction can normally be decided on direct appeal. *See Truesdell*, 679 N.W.2d at 616. In any event, neither party suggests we preserve Boutwell's ineffective-assistance claim for a postconviction proceeding, and we find the record adequate to address it on direct appeal.

Boutwell committed individual acts of exploitation of a minor"—that is, that he "enticed A.P. to engage in sixty separate prohibited sex acts."

The jury was instructed the State would have to prove the following elements of sexual exploitation of a minor:

> 1. On or about February 2006 through January 2012 the defendant employed, used, persuaded, induced, enticed, coerced, knowingly permitted, or caused a person under the age of 18 years to engage in:
>> a. A sex act, or
>> b. fondling or touching the pubes or genitals of a minor, or
>> c. fondling or touching the pubes or genitals of a person by a minor, or
>> d. nudity of a minor for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor.
> 2. The defendant knew, had reason to know or intended that the act would be:
>> a. Photographed, or
>> b. filmed, or
>> c. preserved in a computer, computer disk, or other print or visual medium, or preserved in an electronic, magnetic, or optical storage system or in any other type of storage system.

See Iowa Code § 728.12(1). A "sex act" was defined to the jury as:

> "Sex act" means any sexual contact:
> 1. By penetration of the penis into the vagina or anus, or
> 2. between the mouth of one person and the genitals of another, or
> 3. between the genitals of one person and the genitals or anus of another, or
> 4. between the finger or hand of one person and the genitals or anus of another person, or
> 5. by a person's use of an artificial sex organ or a substitute for a sexual organ in contact with the genitals or anus of another.

See Iowa Code § 702.17.

The jury found Boutwell guilty of sixty counts of sexual exploitation of a minor. The jury could have found the following evidence to support its finding of guilt. In 2012, nine-year-old A.P. reported thirty-three-year old Boutwell had been sexually assaulting her. Boutwell had dated and lived with A.P.'s mother for as long as A.P. could remember. A.P. considered Boutwell her "Dad."

An investigation ensued and several computers were seized from the home. On the computer used by Boutwell, sexually explicit images of A.P. and an unidentified adult male were discovered.

By the time of trial in 2014, A.P. was twelve years old. The jury viewed sixty-four images retrieved from Boutwell's computer. A.P. testified about the images. A.P. explained Boutwell had taken pictures of her using her mother's pink camera. A.P. testified and described the images, which included A.P. naked and in lingerie with her legs and buttocks spread apart in various positions, her vagina being touched by her hand or an adult hand, her vagina and anus being penetrated by an artificial sex organ, and her performing oral sex on an unidentified male.

A.P. testified not all the photographs were taken in the same room of the house, and that Boutwell "told [her] to" get in the different positions for the photographs. A.P. stated the male "body parts" in the pictures were Boutwell's. She testified her mother was always gone when Boutwell took the pictures. A.P. stated she had seen Boutwell sitting at his computer looking at one of the photographs of her and "making it big and small" on the screen.

Investigators testified regarding the discovery of the images in the unallocated space of the hard drive on Boutwell's computer. According to one

investigator, the images had been deleted, so it was impossible to determine when they were initially created. The computer also contained hundreds of images of hentai, a version of sexually explicit Japanese anime, and seven computer-generated images of child pornography. Boutwell testified and explained the difference between anime and hentai, and described several "character" images on his computer that he had drawn and colored.

On appeal, Boutwell does not dispute that sixty-four photographs[3] were introduced into evidence at trial depicting A.P. engaged in prohibited acts, but claims "the State cannot merely rely on sixty photos of A.P. engaging in a prohibited sex act," and must prove "sixty separate instances of Boutwell enticing A.P. to engage in a prohibited sex act." Essentially, Boutwell confines his argument to whether substantial evidence exists to find the photographs depict sixty separate sex acts occurring during the time period between February 2006 through January 2012. Boutwell contends "the evidence supports only sixteen counts of exploitation of a minor."

Insofar as Boutwell insinuates the State needed to prove each image was created on a different date or involved conduct completely separate in time and place, we disagree. *See, e.g.*, *State v. Constable*, 505 N.W.2d 473, 479 (Iowa 1993) (finding substantial evidence of five separate sex acts occurring within "five to ten minutes" and affirming the defendant's conviction for five counts of sexual abuse in the second degree). Indeed, A.P.'s testimony indicated some of the

---

[3] As the State acknowledges, several of the images are duplicative and one image does not depict A.P. engaged in a prohibited act. In any event, even without considering those images, the State still presented sixty images depicting A.P. engaged in prohibited acts.

images were created during the same sexual incident.  However, A.P. further explained the different positions, facial expressions, contact, attire, and "props" in the photographs during these encounters, which she had engaged in because "Jason" told her to.

The crime of sexual exploitation of a minor is set forth in Iowa Code section 728.12.[4]  "In 1978, the legislature enacted this statute prohibiting the sexual exploitation of a minor by causing the minor to engage in a prohibited sexual act intending that the act be photographed or filmed."  *State v. Romer*, 832 N.W.2d 169, 180 (Iowa 2013).  "The crime of sexual exploitation of a minor is aimed at the creation, dissemination, and possession of child pornography . . . ." *Id.*

An actual photograph is not required for prosecution under section 728.12.  However, under these circumstances the images provide evidence as to the number of times Boutwell persuaded or caused A.P. to pose while engaging in sexually prohibited acts he intended to memorialize.  Viewing the evidence in the light most favorable to the State, we conclude substantial evidence existed upon which a jury could find beyond a reasonable doubt that Boutwell committed sixty crimes in violation of Iowa Code section 728.12(1).

---

[4] The marshalling instruction submitted to the jury closely follows the statutory language, which provides:

> It shall be unlawful to employ, use, persuade, induce, entice, coerce, solicit, knowingly permit, or otherwise cause or attempt to cause a minor to engage in a prohibited sexual act or in the simulation of a prohibited sexual act.  A person must know, or have reason to know, or intend that the act or simulated act may be photographed, filmed, or otherwise preserved in a visual depiction.

Iowa Code Ann. § 728.12(1).

For these reasons, we conclude a motion in arrest of judgment challenging this issue would have been meritless. Boutwell's trial counsel had no duty to raise an issue that has no merit. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). Because Boutwell has failed to show counsel failed to perform an essential duty, his claim of ineffective assistance of counsel fails. *See State v. Polly,* 657 N.W.2d 462, 465 (Iowa 2003) (noting failure to prove either element by a preponderance of the evidence is fatal to the claim). We affirm on this issue.

## IV. *Sexual Abuse*

Boutwell raises a pro se claim challenging the sufficiency of the evidence to support his conviction for seven counts of sexual abuse in the second degree. Trial counsel preserved error on this issue by moving for judgment of acquittal at the conclusion of the State's case and Boutwell's defense. Boutwell claims his counsel should have argued only two different sex acts took place—"one act of oral to genital contact and one act of genital to genital contact."

The jury was instructed the State would have to prove the following elements of sexual abuse in the second degree:

> 1. On or about February 2006 through January 2012, the defendant performed a sex act with [A.P.].
> 2. The defendant performed the sex act while [A.P.] was under the age of 12 years.

*See* Iowa Code § 709.3. The jury found Boutwell guilty of seven counts of sexual abuse in the second degree. In addition to the evidence discussed above, the jury could have found the following evidence to support its finding of guilt.

At the outset, we observe the photographs viewed by the jury contained evidence to support at least five different sex acts: hand-to-genital contact; hand-to-genital contact; fellatio; intercourse; and genital-to-artificial-sexual-organ contact. Moreover, A.P. testified Boutwell made her put his penis in her mouth "other times"—more than five times. A.P. testified Boutwell touched her vagina with his penis or another object between two and five times, including "other times" than when he was taking photographs. A.P. stated she could not remember a time when the sexual abuse by Boutwell was not occurring, and she did not remember how old she was when he started. Viewing the evidence in the light most favorable to the State, we conclude substantial evidence existed upon which a jury could find beyond a reasonable doubt that Boutwell sexually abused A.P. seven times in violation of Iowa Code section 709.3. We affirm on this issue.

## V. *Conclusion*

Upon consideration of the issues raised on appeal, we affirm Boutwell's judgment and sentence for seven counts of second-degree sexual abuse and sixty counts of sexual exploitation of a minor.

**AFFIRMED.**