# IN THE COURT OF APPEALS OF IOWA

No. 14-0153
Filed August 5, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CAZMIERE GRAVES,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Paul L. Macek, Judge.

　　　　Cazmiere Graves appeals the judgment and sentence following his convictions for assault while participating in a felony, felon in possession of a firearm, and eluding. **AFFIRMED.**

　　　　Jack E. Dusthimer, Davenport, for appellant.

　　　　Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Michael J. Walton, County Attorney, and Dion D. Trowers and Will Ripley, Assistant County Attorneys, for appellee.

　　　　Considered by Danilson, C.J., Doyle, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DOYLE, J.**

Cazmiere Graves appeals his convictions and sentences following a jury's verdict finding him guilty of assault while participating in a felony and felon in possession of a firearm, and following his guilty plea for eluding. Graves claims the evidence was insufficient to support the jury's findings of guilt and his trial counsel was ineffective. We affirm.

## I.    *Background Facts and Proceedings*

In September 2013, the State filed a trial information (FECR356302) charging Graves with assault while participating in a felony, in violation of Iowa Code sections 708.1 and 708.3 (2013), and felon in possession of a firearm, in violation of 724.26, following allegations that he had waved a gun at Rodricco Parks and punched Parks in the face. Following a trial, the jury found Graves guilty on both counts.

In November 2013, the State filed a trial information (FECR357472) charging Graves with felony eluding, in violation of Iowa Code section 321.279(3)(b) and 321.279(3)(c), and possession of a controlled substance, marijuana, in violation of section 124.401(5), following an incident in which officers attempted to conduct a traffic stop on Graves's vehicle and Graves accelerated to speeds of up to 100 miles per hour, lost control of his vehicle, and crashed into two vehicles. Graves pled guilty to the eluding charge, and the possession charge was dismissed.

In January 2014, the district court entered judgment and sentence on both cases—fines and terms of incarceration not to exceed five years on each charge,

to run consecutively. Graves appeals. Facts specific to his claims on appeal will be set forth below.

## II. *Standards of Review*

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Showens*, 845 N.W.2d 436, 439-40 (Iowa 2014). The jury's verdict is binding on appeal unless there is an absence of substantial evidence in the record to sustain it. *State v. Hennings*, 791 N.W.2d 828, 832 (Iowa 2010). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008).

We review ineffective-assistance-of-counsel claims de novo. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). To succeed on such a claim, Graves must prove both that (1) his counsel failed to perform an essential duty and (2) he suffered prejudice as a result of his counsel's failure. *See id.*

## III. *Sufficiency of the Evidence*

Graves challenges the sufficiency of the evidence to support his convictions for possession of a firearm as a felon and assault while participating in a felony.[1]

---

[1] The State contends Graves's sufficiency-of-the-evidence claims were not raised in his motion for judgment of acquittal and are therefore not preserved for our review. If a

*A. Possession of a Firearm as a Felon.* The jury was instructed the State would have to prove the following elements of possession of a firearm as a felon: "1. On or about the 25th day of August, 2013, the defendant knowingly possessed a firearm." and "2. The defendant was previously adjudicated delinquent of a felony." *See* Iowa Code § 724.26. Because Graves stipulated he had been adjudicated as a felon, the only issue before the jury at trial was whether he possessed a firearm.

The jury could have found the following evidence to support its finding of guilt. Parks testified that on August 25, 2013, he was "hanging" with his friends, Williams and Howard when Howard made a sexual joke about Graves and Parks. According to Parks, Graves "started freaking out and said he was going to get his gun." Parks testified Graves retrieved a gun and "started waving it in [Parks's] face." Parks described the gun as "silver" and having "the little turny thing."

Graves claims the testimony of Parks is "only evidence" the State introduced to show Graves possessed a firearm, and "[t]he eyewitness testimony of a single person is not substantial evidence." We conclude Parks's testimony alone was sufficient to prove Graves's guilt. *See* Iowa R. Crim. P. 2.21(3) ("Corroboration of the testimony of victims shall not be required.").

---

motion for judgment of acquittal lacks specific grounds, those grounds are not preserved. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal."). Graves alternatively raises the claims in the form of ineffective-assistance-of-counsel claims for which the normal error preservation rules do not apply. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010); *see also State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011) ("Failure of trial counsel to preserve error at trial can support an ineffective-assistance-of-counsel claim."). Accordingly, we proceed to the underlying merits of Graves's claims.

In any event, the State did present evidence that corroborated Parks's testimony. Officers discovered a loaded, silver .357 magnum revolver in a van parked at the house where Graves resided. Parks identified the revolver as the firearm Graves possessed during the assault.

Graves points out that defense witness Williams testified Parks started the altercation and that she "never seen a gun." But Williams also testified she is friends with Graves and she was no longer friends with Parks. Williams also refused to admit she left a voicemail threatening Parks, even though Parks presented a recording of the voicemail. We conclude the jury could rationally choose to disbelieve Williams's testimony. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive. In fact, the very function of the jury is to sort out the evidence and place credibility where it belongs." (internal citations and quotation marks omitted)).

*B. Assault while Participating in a Felony.* The jury was instructed the State would have to prove the following elements of assault while participating in a felony: "1. On or about the 25th day of August, 2013, the defendant committed an assault on Rodricco Parks, Jr. as defined in Instruction No. 14." and "2. At the time of the assault, the defendant was participating in the crime of Felon in Possession of a Firearm, as defined in Instruction No. 16." *See* Iowa Code § 708.3. The jury was further instructed:

> [A]n assault is committed when a person does an act which is meant to cause pain or injury, or result in physical contact which will be insulting or offensive, or place another person in fear of

immediate physical contact which will be painful, injurious, insulting or offensive to another person, when coupled with apparent ability to do the act; or a person intentionally points a firearm toward another, or intentionally displays a dangerous weapon in a threatening manner toward another.

*See* Iowa Code § 708.1(2).

In addition to the evidence discussed above,[2] the jury could have found the following evidence to support its finding of guilt. Parks testified when Graves threatened him, retrieved the gun, and waved it in his face, Parks felt like he "was going to die." Graves then punched Parks in the face. Parks suffered bruises as a result of the assault.

On appeal, Graves erroneously adds an element to the offense, claiming Parks's testimony was insufficient to prove Parks "sustained the injury." But the State was not required to prove Parks sustained an injury. Rather, the State was required to prove Graves either committed an act which resulted in an offensive contact or pointed or displayed a firearm. Graves waved a firearm in Parks's face and punched Parks in the face.[3]

Viewing the evidence in the light most favorable to the State, we conclude substantial evidence exists upon which a jury could find beyond a reasonable doubt that Graves was a felon in possession of a firearm and that he committed an assault while participating in a felony. We affirm on this issue.

---

[2] To support his claim on this issue, Graves primarily relies on his contention that he was not in possession of a firearm, which we have dispelled above.

[3] Graves mentions "the affirmative defense of self-defense/justification" in his brief, but does not really appear to rely on it to justify his assault on Parks. In any event, such a claim was not raised before or addressed by the district court and is therefore not preserved for appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

## IV.    *Ineffective Assistance of Counsel*

Graves raises a claim of ineffective assistance of counsel regarding the immigration consequences of his guilty plea to felony eluding.    Specifically, Graves claims counsel failed to address the district court's omission of a warning concerning immigration consequences.

> Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
> . . . .
>     (3) That a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws.

Iowa R. Civ. P. 2.8(2)(b).

The matter of immigration consequences was not addressed by the court during its colloquy with Graves at the plea hearing.  There is nothing in the record as to whether defense counsel advised Graves of potential immigration consequences.    Nevertheless, in his brief, Graves "concedes there is no evidence he was not a United States citizen and that providing him with this [immigration consequence] information would alter the outcome of the plea."  In other words, Graves makes no claim here that he would not have pleaded guilty had counsel advised him otherwise.[4]   In the context of a guilty plea, an ineffective-assistance-of-counsel claim is heavily tied to the prejudice prong, and Graves must show that but for the breach of duty by counsel, the guilty plea would not have been entered.  *See Castro v. State*, 795 N.W.2d 789, 793 (Iowa

---

[4] We note there is no evidence Graves is not a United States citizen or that his conviction and sentence will adversely impact an immigration status.  To the contrary, the record indicates Graves was born in the United States.  There is no evidence he has lived anywhere outside the United States.

2011). Because Graves has not offered any evidence or assertion to establish prejudice, his ineffective-assistance-of-counsel claim fails. *See Dempsey*, 860 N.W.2d at 868 (holding a claimant must prove both a breach of duty and prejudice); *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (noting an ineffective-assistance-of-counsel claim fails if either element is lacking).

## *V.* *Conclusion*

Upon consideration of the issues raised on appeal, we affirm Graves's judgment and sentence following his convictions for assault while participating in a felony, felon in possession of a firearm, and eluding.

**AFFIRMED.**