# IN THE COURT OF APPEALS OF IOWA

No. 15-1006
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICARDO REIGUAL COLLINS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan, District Associate Judge.

        Ricardo Collins appeals his convictions for assault on a police officer and interference with official acts resulting in bodily injury. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Richard Bennett (until withdrawal), Special Counsel, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Urbandale police officers were dispatched to a home following a report of domestic violence. Based on events at the home, the State charged Ricardo Collins with assault on a police officer and interference with official acts resulting in bodily injury. *See* Iowa Code §§ 708.3A(4); 719.1(1)(c) (2015). Collins waived his right to a jury trial and proceeded with a bench trial. The district court found him guilty as charged and imposed sentence.

On appeal, Collins contends (I) the evidence is insufficient to support his conviction for interference with official acts resulting in bodily injury, and (II) his trial attorney was ineffective in failing to present impeachment evidence.

**I.    *Sufficiency of the Evidence***

A person is guilty of interference with official acts resulting in bodily injury if the person knowingly resists or obstructs anyone known by the person to be a peace officer in performance of a lawful act and the interference results in bodily injury other than serious injury. *See id.* § 719.1(1)(c). Collins challenges the "bodily injury" element. He concedes the statute "arguably imposes broader liability for a defendant who interferes with official acts than companion subsections imposing liability if the defendant 'inflicts' bodily injury." *See State v. Dudley*, No. 11-0413, 2012 WL 170738, at *4-5 (Iowa Ct. App. Jan. 19, 2012) (discussing distinction between "inflicting" bodily injury and "resulting in" bodily injury). But he contends "there was no testimony about *when*, exactly," the injury was discovered.

The district court found the officer was injured "during [the] continued struggle" with Collins. Substantial evidence supports this finding. *See State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008) (setting forth standard of review).

Officer Kevin Smith arrived at the home to sounds of a woman's screams. Collins opened the door but attempted to slam it shut on learning why Smith was there. Smith gained entry with a struggle. The struggle continued to the floor, when Smith placed Collins in handcuffs. After the incident, Smith saw a cut on his leg and photographed it. He did not have the cut before the altercation. Another officer, Elisabeth Carr, corroborated the existence of the cut.

Collins denied a scuffle with Smith, but the district court—as fact-finder—reasonably found otherwise and determined Officer Smith sustained the injury during the altercation. *See State v. Jennings*, 195 N.W.2d 351, 357 (Iowa 1972) ("[I]t is the fact finder's function, not ours, to decide questions of fact and determine credibility of witnesses."). Because substantial evidence supports the district court's finding of "bodily injury," we affirm the conviction for interference with official acts resulting in bodily injury.

## II. Ineffective Assistance of Counsel

Collins contends his trial attorney was ineffective in failing "to impeach Officer Carr with her inconsistent incident report." We find the record adequate to address the issue. *See State v. Madsen*, 813 N.W.2d 714, 724 (Iowa 2012). To prevail, Collins must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). On our de novo review, we are convinced he cannot show a breach.

Officer Carr testified she observed a scratch on Smith's shin. It was her understanding the scratch occurred during the scuffle with Collins. Collins' attorney did not cross-examine Carr about her failure to mention the scratch in her incident report. In our view, his refusal to highlight this discrepancy was strategic. While Carr did not note the scratch in her report, she referred to photos of Officer Smith in a paragraph describing various injuries. Based on this reference, Collins' attorney reasonably could have surmised the incident report corroborated rather than undermined Carr's testimony of an injury to Smith. Having found no breach of an essential duty, we conclude Collins' ineffective-assistance-of-counsel claim fails.

We affirm Collins' judgment and sentence for interference with official acts resulting in bodily injury.

**AFFIRMED.**