**IN THE COURT OF APPEALS OF IOWA**

No. 15-0650
Filed October 12, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MATTHEW ALAN KUESTER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.

Matthew Kuester appeals his judgment and sentence on three counts of indecent exposure. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Matthew Kuester appeals his judgment and sentence on three counts of indecent exposure arising from acts of masturbation in a parked vehicle on the University of Northern Iowa campus. He challenges the sufficiency of the evidence supporting the jury's findings of guilt and contends his trial attorney was ineffective in failing to request certain jury instructions.

## I.      *Sufficiency of the Evidence*

The jury received three jury instructions tailored to the three counts of indecent exposure. Each required the State to prove the following elements:

> 1. [T]he defendant exposed his genitals or pubes to [a person] who was not then the defendant's spouse.
> 2. The defendant did so with the specific intent to arouse or satisfy the sexual desire of the defendant or [the person].
> 3. [The person] was offended by the defendant's conduct.
> 4. The defendant knew or reasonably should have known that the act was offensive to [the person].

On appeal, Kuester argues the evidence was insufficient to establish "exposure" under the first element of the jury instruction. In his view, his acts "were private, not public" because he was inside his vehicle. The Iowa Supreme Court rejected a similar argument in *State v. Jorgensen*, 758 N.W.2d 830, 836 (Iowa 2008). Citing a predecessor statute, the court explained that indecent exposure could occur where the exposure was "in such a place or under such circumstances that the exhibition is liable to be seen by others." *Jorgensen*, 758 N.W.2d at 835-36.

A reasonable juror could have found the following facts. A student observed a man masturbating in a truck parked next to her vehicle in a campus parking lot. The incident occurred in the afternoon and the man made no attempt to cover himself. A second student twice observed the man sitting inside his

truck in the same parking lot with his penis out and erect. Again, these incidents occurred during daylight hours and the man made no attempt to cover himself. Based on this testimony, the jury reasonably could have found Kuester exposed his genitals in a public setting.

On a related note, Kuester argues the State presented "insufficient proof [he] exposed himself to either complaining witness," a fact he asserts was required under both the first and second elements of the crime. *Jorgensen* debunked the notion that the indecent exposure statute requires exposure to a targeted viewer. *Id.* at 836. The court stated, "The statute does not require the actor to be aware or have knowledge of the specific person or persons to whom he is exposing himself. . . . It is reasonable to assume that a person who exposes himself in a public place runs the risk that he will be observed by more than his targeted audience." *Id.* Under the first element, the State did not have to prove Kuester exposed himself to the complaining witnesses.

As for the second element, the State could prove Kuester's specific intent to arouse sexual desire by establishing his intent to arouse himself rather than another person; accordingly, the State did not have to prove Kuester was aware of the two women who saw his exposed penis. A reasonable juror could have found the second element satisfied based on Kuester's decision to masturbate in plain view of college students. *See State v. Guthrie*, No. 10-1285, 2011 WL 2694713, at *3 (Iowa Ct. App. July 13, 2011) (noting defendant "chose to masturbate near the Drake University campus, in an area where others were likely to see him. . . . The fact [he] was reclined in his vehicle, masturbating in

clear view of anyone who walked by is sufficient evidence of his sexual motivation").

Substantial evidence supported the jury's findings of guilt on the three counts of indecent exposure. *See State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015).

## II. Ineffective Assistance of Counsel

Kuester contends his trial attorney was ineffective in failing to request an instruction defining "exposure" and an instruction limiting his culpability to behavior occurring at the time of, or after, the witness's observations. To prevail, Kuester must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We find the record adequate to address these challenges. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

The instruction quoted at the outset informed the jury of the context in which the term "exposed" was being used. A reasonable juror would have known what the term meant without a supplemental instruction defining it. *See State v. Kellogg*, 542 N.W.2d 514, 516 (Iowa 1996) ("Generally understood words of ordinary usage need not be defined."). On our de novo review, we conclude counsel did not breach an essential duty in failing to seek an instruction defining exposure.

We turn to Kuester's contention that counsel should have requested an instruction requiring proof of his attempt to satisfy his desires at the time he was seen by each of the witnesses. *See State v. Isaac*, 756 N.W.2d 817, 820 (Iowa 2008) ("Our statute requires such a purpose *at the time* of exposure to the

viewer." (emphasis added)). Parties are entitled to have their legal theories submitted to the jury if they are supported by substantial evidence. *Weyerhaeuser Co. v. Thermogas Co.*, 620 N.W.2d 819, 823-24 (Iowa 2000). There was no need for a timing instruction because substantial evidence established a "concurrence of the exposure . . . and the defendant's sexual purpose." *Isaac*, 756 N.W.2d at 821. We conclude counsel did not breach an essential duty in failing to seek a timing instruction.

We affirm Kuester's judgment and sentences for three counts of indecent exposure.

**AFFIRMED.**