# IN THE COURT OF APPEALS OF IOWA

No. 16-0022
Filed December 21, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ROBERT MICHAEL AGUIRRE,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.


     Robert Aguirre appeals his conviction and sentence for homicide by

vehicle, driving while intoxicated, following a jury trial. **AFFIRMED.**



     Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.



     Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Robert Aguirre appeals his conviction and sentence for homicide by vehicle, driving while intoxicated, following a jury trial. He argues (1) the evidence was insufficient to prove the necessary causal connection between his intoxicated driving and the death of the victim and (2) his trial counsel was ineffective in failing to request a jury instruction on scope of liability.

The State responds there were several facts demonstrating Aguirre's intoxication level of .238 blood alcohol concentration showed impairment—including bloodshot eyes, slow and slurred speech, confused thinking, and failure of field sobriety tests—and established sufficient facts upon which a jury could find Aguirre's intoxicated driving caused the death of the victim. The State also argues that, under the facts of this case, the jury was properly instructed on causation and trial counsel was not ineffective for not asking the trial court to instruct on scope of liability.

"We review sufficiency-of-the-evidence challenges for correction of errors at law." *State v. Vance*, 790 N.W.2d 775, 783 (Iowa 2010). "We will sustain the jury's verdict if it is supported by substantial evidence." *Id.* "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (quoting *State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008)).

We review claims of ineffective assistance of counsel de novo. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). We generally preserve ineffective-assistance-of-counsel claims for postconviction relief but will consider

the claims on direct appeal if the record is adequate.  *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

We find substantial evidence to support the jury verdict that Aguirre's intoxicated driving was the cause of the death of the victim and affirm on this issue.  *See* Iowa Ct. R. 21.26(a), (b).  The record is adequate for us to determine trial counsel was not ineffective in failing to ask the trial court to instruct on scope of liability, and we affirm on this issue.  *See* Iowa Ct. R. 21.23(a), (e).

**AFFIRMED.**