# IN THE COURT OF APPEALS OF IOWA

No. 17-0964
Filed May 2, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADAM LUCAS BUSH,**
        Defendant-Appellant.

_____


        Appeal from the Iowa District Court for Johnson County, Jason A. Burns, District Associate Judge.


        Defendant appeals his conviction for indecent exposure.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.



        Considered by Doyle, P.J., Bower, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BOWER, Judge.**

Adam Bush appeals his conviction for indecent exposure. We find his conviction is supported by substantial evidence and affirm his conviction.

On January 31, 2016, Christopher Heck and a friend were walking into the Old Capitol Mall in Iowa City, when Heck saw a man, later identified as Bush, "with his penis out, with his hand on his penis." As Heck walked by he made eye contact with Bush, who covered himself with his jacket. Once Heck was inside the mall, he looked back and saw Bush had again exposed his penis and had his hand on it. Heck testified he believed Bush was stroking himself. Heck stated, "I was offended by it, and I got a bad vibe from it."

Heck called the police. When officers arrived, Bush was attempting to leave on a bicycle. The officers noticed the zipper on Bush's pants was open. The officers obtained a video recording of the incident from the mall security system.

Bush was charged with indecent exposure, in violation of Iowa Code section 709.9 (2016), a serious misdemeanor. The trial information also noted Bush would be subject to enhanced sentencing under section 901A.2(2) because he had two previous convictions for indecent exposure. Bush was found guilty by a jury and he admitted his previous convictions. He was sentenced to a term of imprisonment not to exceed ten years. Bush now appeals his conviction.

Bush was convicted under section 709.9, which provides,

> A person who exposes the person's genitals or pubes to another not the person's spouse or who commits a sex act in the presence of or view of a third person, commits a serious misdemeanor if:
> 1. The person does so to arouse or satisfy the sexual desires of either party; and

      2.      The person knows or reasonably should know that the act is offensive to the viewer.

Bush claims the State did not present sufficient evidence to show he exposed himself with the intent "to arouse or satisfy the sexual desires" of anyone. *See* Iowa Code § 709.9(1). He points out Heck testified at the trial he was unsure if Bush's penis was erect and told officers at the time he believed Bush's penis was flaccid. Bush states there is insufficient evidence to show he was stroking his penis or masturbating.

The offense of indecent exposure requires the exposure be sexually motivated. *State v. Blair*, 798 N.W.2d 322, 326 (Iowa Ct. App. 2011). "The requisite intent to arouse or gratify the sexual desire of any person can be inferred from an accused's conduct, remarks, and all surrounding circumstances." *State v. Jorgensen*, 758 N.W.2d 830, 837 (Iowa 2008). A person's intent can seldom be proven by direct evidence and is usually a matter for the jury to determine from circumstantial evidence. *State v. Hennings,* 791 N.W.2d 828, 837 (Iowa 2010) ("Juries are capable of making determinations regarding intent and motivation.").

We have previously noted, "[N]either an erection nor masturbation is a prerequisite for an indecent exposure conviction." *State v. Thede*, No. 15-0751, 2016 WL 5930417, at *5 (Iowa Ct. App. Oct. 12, 2016). In *Blair*, we found there was sufficient evidence of the defendant's sexual motivation from evidence he was observed "with his hand holding his penis above the waistband of his pants, moving his hand back and forth like he was petting a dog," while standing in front of a window. 798 N.W.2d at 326. During the trial, Heck testified, "I believe I saw him stroking himself." In addition to Heck's testimony, the video shows Bush

moving his hand on his penis as he was standing in front of the glass doors leading into the Old Capitol Mall.  We conclude there is sufficient evidence in the record to support a finding Bush exposed his genitals "to arouse or satisfy the sexual desires of either party."  *See* Iowa Code § 709.9(1).

We affirm Bush's conviction for indecent exposure.

**AFFIRMED.**