# IN THE COURT OF APPEALS OF IOWA

No. 21-1532
Filed October 19, 2022

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MARTY ADRAN McCONNELL,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda,

District Associate Judge.


     Marty McConnell appeals his conviction for indecent exposure.

**AFFIRMED.**


     John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

     Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.


     Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged Marty McConnell with sexual crimes against a teen. Following a bench trial, the district court found him guilty of the simple misdemeanor crime of assault and the serious misdemeanor crime of indecent exposure.

McConnell filed a notice of appeal. The supreme court treated the notice as to the assault count as an application for discretionary review and denied the application. The court allowed the appeal of the indecent exposure conviction to proceed.

The indecent exposure statute states in pertinent part:

> A person who exposes the person's genitals or pubic area to another not the person's spouse . . . commits a serious misdemeanor if . . . :
> a. The person does so to arouse or satisfy the sexual desires of either party.
> b. The person knows or reasonably should know that the act is offensive to the viewer.

Iowa Code § 709.9(1) (2021).

McConnell argues there was insufficient evidence to establish his "specific intent to arouse or satisfy [his] sexual desire" or that of the teen. "The requisite intent to arouse or gratify the sexual desire of any person can be inferred from an accused's conduct, remarks, and all surrounding circumstances." *State v. Jorgensen*, 758 N.W.2d 830, 837 (Iowa 2008). On that element, the district court found as follows:

> The evidence is undisputed that [McConnell] exposed his genitals to [the teen], who is not his spouse. [The teen] testified that [McConnell] was on the couch with her, his shorts were pulled down, his penis was exposed and "not that far" from her face, while he was lifting up on her shorts and saying that he wished he could f*** her.

Substantial evidence supports the district court's findings. *See id.* at 834 (setting forth the standard of review)*.*

The teen was sleeping on a couch on her stomach when she awoke to find "the back of [her] pants being lifted up" and McConnell's penis "[n]ot that far" from her face. McConnell said "he wanted to f*** [her] . . . and that he . . . wishe[d] he could f*** [her]." McConnell's pants were pulled down at the time. The teen pretended to be asleep but "was awake the entire time." She then "pretended to wake up, so that he would stop so [she] could leave, because [she] was in too big of a shock to get up when [she] first woke up from it." McConnell "put [his penis] away and laid down and closed his eyes." The teen grabbed her belongings and told him she was going to a friend's house. She told a friend, her mother, and her grandmother what happened.

The teen's mother confronted McConnell by text. McConnell did not deny his actions but claimed he thought the teen was "a girl from the night before" and that he had taken "some pills." McConnell also did not deny the accusations when interviewed by a police lieutenant. Instead, he "swore it was a dream." In a related proceeding, he admitted to propositioning the teen for sex and admitted the purpose was to satisfy his or her sexual desires. While he testified to extensive drug use that night, he admitted to remembering details of his drug use, his conversation with the teen before the act, and her conduct before and after the act. We affirm McConnell's judgment and sentence for indecent exposure.

**AFFIRMED.**