**IN THE COURT OF APPEALS OF IOWA**

No. 22-0903
Filed July 13, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KADIN JEFFREY MILLER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Boone County, Stephen A. Owen, District Associate Judge.

Kadin Miller appeals a finding of sexual motivation and his sentences following convictions for harassment and operating while intoxicated. **AFFIRMED.**

Lucas M. Taylor of Anderson & Taylor, PLLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Heard by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Kadin Miller appeals the district court's finding his harassing conduct was sexually motivated and his sentence for harassment and operating while intoxicated. We affirm the district court's finding of sexual motivation and the sentences imposed.

**I. Background Facts & Proceedings.**

In April 2021, the State filed a trial information charging Miller with harassment in the first degree, in violation of Iowa Code section 708.7(1)(a)(5) (2021).[1] In January 2022, Miller requested bifurcation of the underlying criminal case and determination of sexual motivation for purposes of the need to register as a sex offender.[2] The State resisted. The court approved the bifurcation, noting the facts and nature of the case favored bifurcation as the question of sexual motivation was not an essential element to the harassment offense and might inflame the jury's "passion to punish." The court further noted some or all the facts concerning guilt and sexual motivation might be the same, but the jury would be

---

[1] The specific paragraph of the harassment statute Miller pleaded guilty to, section 708.7(1)(a)(5), provides:

> A person commits harassment when, with intent to intimidate, annoy, or alarm another person, the person . . . [d]isseminates, publishes, distributes, posts, or causes to be disseminated, published, distributed, or posted a photograph or film showing another person in a state of full or partial nudity or engaged in a sex act, knowing that the other person has not consented to the dissemination, publication, distribution, or posting.

[2] Iowa Code section 708.7(5) provides, "For purposes of determining whether or not the person should register as a sex offender pursuant to the provisions of chapter 692A, the fact finder shall make a determination as provided in section 692A.126." Section 692A.126(1) in turn provides, "If a judge or jury makes a determination, beyond a reasonable doubt, that [the offense] for which a conviction has been entered . . . [is] sexually motivated, the person shall be required to register [as a sex offender]."

asked to draw different conclusions from them. The court noted, "The statutes plainly separate issues of culpability (guilt) and community protection (registry)."

In February, while the harassment case was pending, Miller was charged with operating while intoxicated (OWI), first offense, in violation of Iowa Code section 321J.2(2)(a), and possession of a controlled substance, second offense, in violation of section 124.401(5).[3]

The next day, Miller pleaded guilty in the harassment case. Miller's written plea included the following paragraphs:

> 12. I admit I did the following: That between May and July of 2019, I was in a relationship with [J.] Our relationship ended on bad terms. I had in my possession a video recording of [J.] and myself engaged in sexual intercourse. On or about September of 2019, I posted the video on the internet. I knew [J.] had not consented to the posting of the video. My intent was to get back at her for our relationship ending on bad terms by annoying her with the video being public. The video was posted while I was in Boone County Iowa.
> 13. I do <u>not</u> admit and do <u>not</u> stipulate that I committed this crime because I was "sexually motivated."
> 14. I object to the court's use or consideration of the Minutes of Testimony as part of this plea or use at sentencing. I request the court to use only my admissions in this written plea of guilty for determining whether a sufficient factual basis has been made.

In May, Miller pleaded guilty to OWI, first offense, and the State agreed to dismiss the possession charge. Miller requested immediate sentencing.

The court held a combined dispositional proceeding on whether Miller's harassment offense was sexually motivated before proceeding to sentencing on both the harassment and OWI convictions. A forensic psychologist testified on Miller's behalf, and Miller submitted statements from relatives and other supporters

---

[3] The events giving rise to these charges occurred on February 8, 2022.

and an article about unemployment among the formerly incarcerated. The State provided testimony from a police officer, Andrew Leeck (a former friend and coworker of Miller), and a friend of the victim.

The psychologist testified generally that posting sexual videos without the other person's consent as Miller had done was often "based on anger and revenge" and sexual motivation "would be atypical" but possible. Specific to Miller, the psychologist opined there was no indication of sexual gratification or ongoing behavior as Miller was "very angry" at J. and thought their break up "was embarrassing and cruel."

The police officer testified about investigating the harassment report, concluding J. did not consent to the recording or posting of the video. Miller had told the officer he could "not recall anything about it[,] . . . he knew nothing about the video or anything in regards to it."

Leeck testified Miller showed him the video in the fall of 2019. When he did so, Miller already had it loaded on his phone. Leeck said the action was "out of nowhere honestly" and neither made any comments when Miller played the video. Leeck later began a relationship with J. and was the person to notify her of the video's existence. J.'s friend watched the video for J. and testified as to the identity of the persons in the video.

The defense argued the State had not established a sexual motivation beyond a reasonable doubt, so Miller should not be placed on the sex offender registry. Miller requested a deferred judgment on the harassment conviction and that he be placed on probation for the OWI conviction. However, if the court were to impose sentences, he asked they run concurrently.

The State argued that while revenge might be a motivation, at least part of Miller's motivation was his own sexual gratification and the court should require he register as a sex offender. The State requested a one-year jail sentence for each charge, running consecutively, with 180 days in jail on the harassment charge followed by probation with mental-health treatment and sex-offender treatment.

The court then heard from Miller, and J. read her victim impact statement.

In determining if the State had proven a sexual motivation, the court gave thorough attention to the psychologist's findings and opinion Miller's motivation was "revenge and discharge of his own negative emotions." The court noted Miller's choice to not only post the video, but to post it on a pornographic website and his subsequent actions ensuring others knew of and saw the video. On the question of sexual motivation, the court made specific findings:

> The court finds defendant's act in posting [the] video . . . was sexually motivated. Defendant had his recording device in his hand as he had sexual intercourse with the victim. He began the recording when she was facing away from him and could not see him. The recording was taken while intercourse was underway and defendant's erect penis is visible. He later posted the video to a pornography website. Choosing a pornography website demonstrates defendant's continued interest in the sexually obscene content of the video. It was available to him over the course of time to satisfy his interest in the ongoing sexual content of the video for his sexual gratification. Showing it to a male friend also demonstrates his ongoing interest in sharing his sexual interest in the video with others.

The court ordered Miller to register as a sex offender. The court denied Miller's request for deferred judgment and ordered he serve an indeterminate two-year prison term on the harassment conviction and a consecutive one-year jail term on the OWI conviction.

Miller appeals his sentences, challenging the sufficiency of the evidence on the finding of sexual motivation and asserting the district court abused its sentencing discretion by considering unproven conduct and failing to properly consider mitigating factors.

## II. Standard of Review.

We review challenges to the sufficiency of the evidence supporting a sentencing enhancement for correction of errors at law. *State v. Booker*, 989 N.W.2d 621, 626 (Iowa 2023). "[W]e view the evidence in the light most favorable to the State, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (alteration in original) (internal quotation marks and citation omitted).

> We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits. We will find an abuse of discretion when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." A ruling is untenable when the court bases it on an erroneous application of law. If the evidence supports the sentence, the district court did not abuse its discretion.

*State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (internal citations omitted).

## III. Analysis.

As a threshold matter, Miller asserts Iowa Code section 814.6 should not apply to a contested hearing on sexual motivation or, in the alternative, that good cause exists to consider the appeal.[4] We agree a challenge to the portion of a sentence ordering the defendant register as sex offender provides good cause to

---

[4] Iowa Code section 814.6 governs the right of appeal. As applies here, "Right of appeal is granted the defendant from . . . [a] final judgment of sentence, except . . . [a] conviction where the defendant has pled guilty." Iowa Code § 814.6(1)(a)(3).

appeal. *See State v. Heginger*, No. 20-1657, 2021 WL 5105918, at *1 (Iowa Ct. App. Nov. 3, 2021); *see also State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding "good cause exists to appeal . . . when the defendant challenges his or her sentence rather than the guilty plea").

**A. Sufficiency of the evidence.** If a judge or jury determines beyond a reasonable doubt a person was sexually motivated when committing harassment in the first degree, that person must register as a sex offender. Iowa Code § 692A.126(1)(f). "'Sexually motivated' means that one of the purposes for commission of a crime is the purpose of sexual gratification of the perpetrator of the crime." *Id.* § 229A.2(11); *see also id.* § 692A.101(29) ("'Sexually motivated' means the same as defined in section 229A.2."). Our supreme court rejected an interpretation of this provision as requiring "instantaneous or contemporaneous sexual reward or consequence for the respondent." *In re Det. of Blaise*, 830 N.W.2d 310, 321 (Iowa 2013). Rather, to fit within the statutory definition, the "purpose" of sexual gratification is "a broad, forward-looking term encompassing the concept of intent" and not "proof of a respondent's achievement of actual or immediate gratification." *Id.* at 323. In addition to the other intent requirements for conviction of harassment—"to intimidate, annoy, or alarm another person"—the State must show sexual gratification is "one of the purposes" for committing the crime. Iowa Code § 708.7(1)(a), (5).

Miller argues there is "no testimony, evidence, or exhibits establishing sexual motivation." He focuses on the psychologist who found him to be motivated by anger and revenge. Miller asserts the court instead relied on unreasonable

inferences to find his crime was sexually motivated.[5]  Miller also claims the court's conclusion of sexual motivation does not involve conduct prohibited under the statute.

"The requisite intent to arouse or gratify . . . sexual desire . . . can be inferred from an accused's conduct, remarks, and all surrounding circumstances." *State v. Jorgensen*, 758 N.W.2d 830, 837 (Iowa 2008).  "Because it is difficult to prove intent by direct evidence, proof of intent usually consists of circumstantial evidence and inferences that can be drawn from that evidence."  *State v. Hennings*, 791 N.W.2d 828, 837 (Iowa 2010) (citation omitted), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016).  We trust the fact finder to make determinations regarding intent and motivation.  *See id.*  "[A] court 'faced with a record of historical facts that supports conflicting inferences must presume— even if it does not affirmatively appear in the record—that the trier of fact resolved

---

[5] Miller refers to portions of the court's statement in ruling on the sexual motivation issue.  The full quote is excerpted below:

> I think the facts would show the following: That Mr. Miller planned to record that video.  It was not an accident.  As I viewed it, it looked to me as if he was holding it in his hand during the intercourse he was having with [J.] . . . .  I think Mr. Miller planned that event.  I think the evidence would show that he knew the relationship was having some difficulty.  He was clearly having sexual intercourse with [J.] for his sexual gratification at that time, and I think that carried on when he determined that he was going to distribute that video.  I think the evidence establishes that beyond a reasonable doubt.  I think it further establishes it by the fact that he posted it on a pornography web site where the only real purpose I can find for anyone going there would be sexual gratification, and he knew to go there so he could show it to Mr. Leeck.  I think he is one of the more than 1300 views shown.  I don't know what an accolades or accomplishments are.  I am not that technically oriented, but I don't think you have to know what that means to see that Mr. Miller was taking satisfaction in that video on-line.

any such conflicts in favor of the prosecution, and so must defer to that resolution." *State v. Ernst*, 954 N.W.2d 50, 57–58 (Iowa 2021) (citation omitted). "[I]t is not for us to interfere with the finding made [by the fact finder] when supported by substantial evidence, even though the evidence may have also supported a finding favorable to the defendant." *Id.* at 58 (citation omitted).

Miller lists four of the court's findings he claims are unfounded. We will address each in turn. First, "The video recording of sexual intercourse and its publishing was preplanned." Under the particular circumstances of this case, it appears Miller's plan to film the video is distinct from his plan to disseminate the video. However, we find the facts do support a determination he planned the posting ahead of time. By his own account, Miller had the video in his possession for two months after the relationship ended before uploading it—and the relationship only lasted about two months. Miller argued there is no proof he has uploaded videos before, which would mean he deliberately determined to post this video, chose the website, and created a new account from which to post the video. This all provides a reasonable basis from which the court could infer a planning process in Miller's criminal act of posting and disseminating the video without J.'s consent.

Second, "Miller knew the relationship was in trouble." As this statement has little to no bearing on whether Miller committed the crime in part for his own sexual gratification, we do not address it.

Third, "[T]he sexual gratification that Miller received during sexual intercourse continued when he published the video." This is a factual determination the court was required to make in its role as factfinder, and the

conclusion reached by the court was based on legitimate inferences and presumptions from the evidence. We presume Miller received sexual gratification during and from the making of the video, considering his choice to create the video and to focus partially on his own actions and anatomy. We find sexual gratification can be inferred from his decision to keep the video long after the end of his short-term relationship. We further find sexual gratification can be inferred from Miller's choice to post the video on a pornographic website for continuing dissemination. His claim of revenge motivation is not supported by the evidence due to his failure to inform J., her friends, or her family he posted the video. His unprompted decision to show the video to Leeck and having the video loaded and ready to watch also cut against a claim of revenge.

Fourth, "Miller was one of the 1300 people who viewed the video, suggesting he received sexual gratification from the website and viewing the video." Leeck testified Miller had the video pulled up on his phone and played it for him, and Miller did not question or challenge this testimony. Leeck later told J. about the video being online, from which the court could reasonably conclude Miller played the video through the pornography website on his phone and was at least one of the "views" for the video. We find watching a video of sexual intercourse on a pornography website suggests sexual gratification on Miller's part.

Miller's final argument challenging the sufficiency of the evidence is the conduct used to establish sexual motivation is not the prohibited conduct under the statute. Miller recognized that the offense and the finding of sexual motivation require different evidence in arguing his motion to bifurcate: "The defenses to the underlying criminal matter and the sexual motivation determination are

inconsistent with one another, requiring differen[t] strategies and evidence to be presented." In granting the bifurcation, the court recognized the difference in the evidence presented, the potential unfair prejudice, and the potential confusion of a jury. While the direct evidence supporting Miller's conviction, specifically the admission in his plea, is not proof of sexual motivation, the court held a fact-finding hearing to evaluate the evidence and subsequently made a determination beyond a reasonable doubt. The court had the responsibility to consider not only conduct specifically prohibited under the statute, but also the conduct related to the offense and indicative of Miller's motivation underlying the prohibited conduct. *See Hennings*, 791 N.W.2d at 837.

Viewing the evidence in the light most favorable to the State, substantial evidence supports the court's determination Miller's conduct constituting first-degree harassment was sexually motivated.

**B. Unproven conduct.** Miller next asserts the district court erred when it relied on unproven conduct in determining his sentence. "A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *Damme*, 944 N.W.2d at 105–06 (citation omitted). Thus, "a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001).

The "unproven" conduct Miller bases this argument on is the contested sexual-motivation finding discussed above. The statements Miller objects to were made in the context of a fact-finding determination, not in the context of sentencing.

Once the court made the sexual motivation determination, the order for Miller to register as a sex offender was required by statute. Iowa Code § 692A.126(1)(f) ("If a judge or jury makes a determination, beyond a reasonable doubt, that any of the following offenses . . . are sexually motivated, the person shall be required to register as provided in this chapter: . . . Harassment in violation of section 708.7, subsection 1, 2, or 3."). Miller does not point to any other unproven conduct within the court's consideration.

In sentencing, the court could rely on the facts included in Miller's plea and also the facts found beyond a reasonable doubt after the hearing on sexual motivation, Miller's allocution, and any relevant conduct described in J.'s victim impact statement. *See State v. Sailer*, 587 N.W.2d 756, 761 (Iowa 1998) (ruling a victim impact statement is construed "to enable the victim to fully detail the impact of the offense, regardless of whether certain elements of a crime have been established"). "[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (citation omitted).

When sentencing Miller, the court discussed his age, education, his support system, and minor criminal history. It also considered his employability, his remorse, and noted his accrual of the OWI charge during the pendency of the harassment case as an aggravating factor. The court also considered the nature of the offenses and the harm caused to J. and her new partner. It was on these

factors the court based its sentencing decision. We discern no reliance on improper factors.

**C. Mitigating factors**. Miller asserts the district court abused its discretion in sentencing him to prison because it did not weigh mitigating factors appropriately.

> A sentencing court has a duty to consider all the circumstances of a particular case. We do not believe however it is required to specifically acknowledge each claim of mitigation urged by a defendant. Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.

*State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995)). The court considered the circumstances of this case, and the consecutive sentence pronounced was reasonable and within the court's discretion.

We affirm Miller's sentences.

**AFFIRMED.**